# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TESLA MOTORS, INC., a California corporation, and DOES 1 through 10, inclusive

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
12/30/2022
Chad Finke, Executive Officer / Clerk of the Court
By: _____ X. Bowie _____ Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELIJAH BAER, JOSHUA BAYANGOS, RONALD GRUEL,
[Additional Parties Attachment form is attached.]

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Superior Court

CASE NUMBER:
*(Número del Caso):*
**22CV024984**

Hayward Hall of Justice Courthouse
24405 Amador Street, Hayward, California 94544

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

John G. Yslas, Wilshire Law Firm, 3055 Wilshire Blvd., 12th Fl., Los Angeles, CA 90010; (213) 381-9988

DATE:
*(Fecha)* 12/30/2022     Chad Finke, Executive Officer / Clerk of the Court     Clerk, by _____ X. Bowie _____ , Deputy
*(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* TESLA MOTORS, INC., a California corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SHORT TITLE:<br><br>Elijah Baer, et al v. Tesla Motors, Inc. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

*L*                    (Check only one bo . Use a separate page for each type of party.):

[ x ] Plaintiff      [   ] Defendant      [   ] Cross-Complainant      [   ] Cross-Defendant

ISAIAH HAMPTON, NATHAN JOHNSON, CHANDRASEKAR KUPPUCHAMY, DEREK LEWIS, DESERIE MARTIN,  JOSEPH MARTINEZ, MAYRENI MORALES, SHONTAE STEPHENS,  SIENNA STEPHENS, RUDY VALDEZ, JATEL VERCHER, and KAYLA WILLIAMS, individually, and on behalf of all others similarly situated

Page <u>  1  </u> of <u>  1  </u>

*P*

***ADDITIONAL PARTIES ATTAC  MENT***
*A*             *S*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| John G. Yslas (SBN 187324), Aram Boyadjian (SBN 334009)<br>Wilshire Law Firm, 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>12/30/2022 at 05:20:09 PM<br>By: Xian-xii Bowie,<br>Deputy Clerk |

TELEPHONE NO.: (213) 381-9988 FAX NO. *(Optional)*: (213) 381-9989
E-MAIL ADDRESS: jyslas@wilshirelawfirm.com
ATTORNEY FOR *(Name)*: Plaintiff Elijah Baer, et al.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 24405 Amador Street, Hayward, California 94544
MAILING ADDRESS: 24405 Amador Street, Hayward, California 94544
CITY AND ZIP CODE: Hayward 94544
BRANCH NAME: Hayward Hall of Justice Courthouse

CASE NAME:
ELIJAH BAER, et al. v. TESLA MOTORS, INC.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | **22CV024984**<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: Eight (8)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 30, 2022

John G. Yslas
(TYPE OR PRINT NAME) ▶ *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | Case Number: |
|---|---|
| Elijah Baer, et al. vs. Tesla Motors, Inc. | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE**
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[✓] Hayward Hall of Justice (447)

[ ] Oakland, Rene C. Davidson Alameda County Courthouse (446)      [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [✓] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential    **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF:
Elijah Baer  et al

DEFENDANT:
Tesla Motors, Inc.

### NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
12/30/2022
Chad Finke , Executive Officer / Clerk of the Court
By: _____ Deputy
X. Bowie

CASE NUMBER:
22CV024984

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 05/01/2023        Time: 8:30 AM        Dept.: 21
>
> Location:  Rene C. Davidson Courthouse
>                 Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>12/30/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>X. Bowie |
| PLAINTIFF/PETITIONER:<br>Elijah Baer  et al | |
| DEFENDANT/RESPONDENT:<br>Tesla Motors, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV024984 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

John Gregory Yslas
Wilshire Law Firm
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010

Chad Finke, Executive Officer / Clerk of the Court

Dated: 01/03/2023                    By:

X. Bowie, Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| Elijah Baer et al<br>        Plaintiff/Petitioner(s)<br>vs.<br>Tesla Motors, Inc.<br>        Defendant/Respondent(s) | No.    22CV024984<br><br>Date:  01/31/2023<br>Time:  10:00 AM<br>Dept:  21<br>Judge:  Evelio Grillo<br><br>ORDER re: Complex Determination<br>Hearing |

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at https://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service.

Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated: 01/31/2023

*Evelio Grillo / Judge*

| Courtroom Clerk: Christopher Wright | CSR: None |
|---|---|

**22CV024984**

January 31, 2023
10:00 AM

**BAER, et al.**
  **vs**
**TESLA MOTORS, INC.**

## MINUTES

**APPEARANCES:**

No Appearances

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at https://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the

assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

C. W. f

By:     C. Wright, Deputy Clerk
        Minutes of: 01/31/2023
        Entered on: 01/31/2023



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agreeing to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email: adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/divisions/civil/adr

### What Are the Advantages of Using ADR?

- ***Faster*** –Litigation can take years to complete but ADR usually takes weeks or months.

- ***Cheaper*** – Parties can save on attorneys' fees and litigation costs.

- ***More control and flexibility*** – Parties choose the ADR process appropriate for their case.

- ***Cooperative and less stressful*** – In mediation, parties cooperate to find a mutually agreeable resolution.

- ***Preserve Relationships –*** A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is the Disadvantage of Using ADR?

- ***You may go to court anyway*** – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- ***Mediation*** – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  - **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation.  If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration –* A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

- o **Judicial Arbitration Program (**non-binding**)**: The judge can refer a case, or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

- o **Private Arbitration (**binding and non-binding**)** occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs in Alameda County

Low-cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377  Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephones: (925) 337-7175 | (925) 337-2915 (Spanish)
Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607 Telephone: (510) 768-3100 Website: www.cceb.org Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS: <br>
MAILING ADDRESS: <br>
CITY AND ZIP CODE: <br>
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                    Time:                    Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation          ☐ Judicial arbitration

   ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____     ► _____
          (TYPE OR PRINT NAME)                                   (SIGNATURE OF PLAINTIFF)

Date:

_____     ► _____

Form Approved for Mandatory Use <br> Superior Court of California, <br> County of Alameda <br> ALA ADR-001 [New January 1, 2010] | **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | Cal. Rules of Court, rule 3.221(a)(4)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____          ► _____

(TYPE OR PRINT NAME)                    (SIGNATURE OF DEFENDANT)

Date:

_____          ► _____

(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

John G. Yslas (SBN 187324)
jyslas@wilshirelawfirm.com
Aram Boyadjian (SBN 334009)
aboyadjian@wilshirelawfirm.com
Andrew Sandoval (SBN 346996)
andrew.sandoval@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
12/30/2022 at 05:20:09 PM
By: Xian-xii Bowie,
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

ELIJAH BAER, JOSHUA BAYANGOS, RONALD GRUEL, ISAIAH HAMPTON, NATHAN JOHNSON, CHANDRASEKAR KUPPUCHAMY, DEREK LEWIS, DESERIE MARTIN,  JOSEPH MARTINEZ, MAYRENI MORALES, SHONTAE STEPHENS,  SIENNA STEPHENS, RUDY VALDEZ, JATEL VERCHER, and KAYLA WILLIAMS, individually, and on behalf of all others similarly situated,

     *Plaintiffs*,

     v.

TESLA MOTORS, INC., a California corporation, and DOES 1 through 10, inclusive,

     *Defendants*.

Case No.: **22CV024984**

**CLASS ACTION COMPLAINT:**

1. Failure to Pay Minimum and Straight Time Wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197);
2. Failure to Pay Overtime Wages (Cal. Lab. Code §§ 1194 and 1198);
3. Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512);
4. Failure to Authorize and Permit Rest Periods (Cal. Lab. Code § 226.7);
5. Failure to Timely Pay Final Wages at Termination (Cal. Lab. Code §§ 201-203);
6. Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226);
7. Failure to Indemnify Employees for Expenditures (Cal. Lab. Code § 2802),and
8. Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq*.).

**DEMAND FOR JURY TRIAL**

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Plaintiffs ELIJAH BAER, JOSHUA BAYANGOS, RONALD GRUEL, ISAIAH HAMPTON, NATHAN JOHNSON, CHANDRASEKAR KUPPUCHAMY, DEREK LEWIS, DESERIE MARTIN, JOSEPH MARTINEZ, MAYRENI MORALES, SHONTAE STEPHENS, SIENNA STEPHENS, RUDY VALDEZ, JATEL VERCHER, and KAYLA WILLIAMS,("Plaintiffs"), on information and belief, allege as follows:

## INTRODUCTION & PRELIMINARY STATEMENT

1.  Plaintiffs bring this action against Defendant TESLA MOTORS, INC., and DOES 1 through 10 (hereinafter collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay for all hours worked (minimum, straight time, and overtime wages), failure to provide meal periods, failure to authorize and permit rest periods, failure to timely pay final wages, failure to furnish accurate wage statements, failure to indemnify employees for expenditures, and failure to produce requested employment records.

2.  Plaintiffs bring the First through Eight Causes of Action individually and as a class action on behalf of themselves and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members," and defined more fully below). The Class consists of Plaintiffs and all other persons who have been employed by any Defendants in California as an hourly-paid or non-exempt employee during the statute of limitations period applicable to the claims pleaded here.

3.  Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Alameda County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

4.  Despite these requirements, throughout the statutory period, Defendants maintained a systematic, company-wide pattern and practice of:

    (a)    Failing to pay employees for all hours worked, including all minimum, straight time, and overtime in compliance with the California Labor Code

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1   and IWC Wage Orders;

2   (b)   Failing to provide employees with timely and duty-free meal periods in

3   compliance with the California Labor Code and IWC Wage Orders, failing

4   to maintain accurate records of all meal periods taken or missed, and failing

5   to pay an additional hour's pay for each workday a meal period violation

6   occurred;

7   (c)   Failing to authorize and permit employees to take timely and duty-free rest

8   periods in compliance with the California Labor Code and IWC Wage

9   Orders, and failing to pay an additional hour's pay for each workday a rest

10   period violation occurred;

11   (d)   Willfully failing to pay employees all minimum, straight time, overtime,

12   meal period premium, and rest period premium wages due within the time

13   period specified by California law when employment terminates;

14   (e)   Failing to provide employees with accurate, itemized wage statements

15   containing all the information required by the California Labor Code and

16   IWC Wage Orders; and,

17   (f)   Failing to indemnify employees for expenditures incurred in direct discharge

18   of duties of employment.

19   5.   On information and belief, Defendants, and each of them were on actual and

20   constructive notice of the improprieties alleged herein and intentionally refused to rectify their

21   unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were

22   willful and deliberate.

23   6.   At all relevant times, Defendants were and are legally responsible for all of the

24   unlawful conduct, policies, practices, acts and omissions as described in each and all of the

25   foregoing paragraphs as the employer of Plaintiffs and the Class. Further, Defendants are

26   responsible for each of the unlawful acts or omissions complained of herein under the doctrine of

27   "respondeat superior."

28   ///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

# THE PARTIES

## A.  Plaintiffs

7.      Plaintiff Elijah Baer is a resident of San Jose, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately February 2022 to present.

8.      Plaintiff Joshua Bayangos is a resident of Antioch, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately February 2022 to approximately March 2022.

9.      Plaintiff Ronald Gruel is a resident of Hayward, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2018 to approximately December 2021.

10.      Plaintiff Isaiah Hampton is a resident of Salinas, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately July 2022 to approximately November 2022.

11.      Plaintiff Nathan Johnson is a resident of Modesto, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately July 2020 to approximately August 2022.

12.      Plaintiff Chandrasekar Kuppuchamy is a resident of Newark, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2021 to approximately August 2022.

13.      Plaintiff Derek Lewis is a resident of San Jose, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately October 2018 to present.

14.      Plaintiff Deserie Martin is a resident of Fremont, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately January 2021 to approximately October 2022.

15.     Plaintiff Joseph Martinez is a resident of Oakland, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2022 to present.

16.     Plaintiff Mayreni Morales is a resident of Oakland, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2017 to approximately August 2022.

17.     Plaintiff Shontae Stephens is a resident of Milpitas, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2020 to approximately December 2020.

18.     Plaintiff Sienna Stephens is a resident of Milpitas, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2020 to approximately December 2020.

19.     Plaintiff Rudy Valdez is a resident of Victorville, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately April 2022 to approximately November 2022.

20.     Plaintiff Jatel Vercher is a resident of Lathrop, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately December 2021 to approximately November 2022.

21.     Plaintiff Kayla Williams is a resident of Oakland, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately June 2021 to approximately September 2022.

22.     Plaintiffs reserve the right to seek leave to amend this complaint to add new Plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

**B.     Defendants**

23.     Plaintiffs are informed and believes, and based upon that information and belief alleges, that Defendant TESLA MOTORS, INC. is, and at all times herein mentioned, was:

(a)     A business entity conducting business in numerous counties throughout the

State of California, including Alameda County; and,

(b) The former employer of Plaintiffs, and the current and/or former employer of the putative Class because Defendant TESLA MOTORS, INC.. suffered and permitted Plaintiffs and the Class to work, and/or controlled their wages, hours, or working conditions.

24.    Plaintiffs do not know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sue said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiffs and the Class as alleged herein. Plaintiffs will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

25.    At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiffs and the Class in the State of California.

26.    Plaintiffs are informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions. Plaintiffs are informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiffs are informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants and/or all Defendants were joint employers.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

27.    Plaintiff Elijah Baer worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately February 2022 to present.

28.    Plaintiff Joshua Bayangos worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately February 2022 to approximately March 2022.

29.    Plaintiff Ronald Gruel worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2018 to approximately December 2021.

30.    Plaintiff Isaiah Hampton worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately July 2022 to approximately November 2022.

31.    Plaintiff Nathan Johnson worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately July 2020 to approximately August 2022.

32.    Plaintiff Chandrasekar Kuppuchamy worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2021 to approximately August 2022.

33.    Plaintiff Derek Lewis worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately October 2018 to present.

34.    Plaintiff Deserie Martin worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately January 2021 to approximately October 2022.

35.    Plaintiff Joseph Martinez worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2022 to present.

36.    Plaintiff Mayreni Morales worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2017 to approximately August 2022.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

37. Plaintiff Shontae Stephens worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2020 to approximately December 2020.

38. Plaintiff Sienna Stephens worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2020 to approximately December 2020.

39. Plaintiff Rudy Valdez worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately April 2022 to approximately November 2022.

40. Plaintiff Jatel Vercher worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately December 2021 to approximately November 2022.

41. Plaintiff Kayla Williams worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately June 2021 to approximately September 2022.

42. During Plaintiffs' employment for Defendants, Defendants paid Plaintiffs an hourly wage and classified them as non-exempt from overtime. Defendants typically scheduled Plaintiffs to work at least five days in a workweek and at least eight hours per day, but Plaintiffs also worked more than eight hours in a workday and more than forty (40) hours in a workweek.

43. Throughout Plaintiffs' employment, Defendants failed to pay for all hours worked (including minimum, straight time, and overtime wages), failed to provide Plaintiffs with legally compliant meal periods, failed to authorize and permit Plaintiffs to take rest periods, failed to timely pay all final wages to Plaintiffs when Defendants terminated their employment, failed to furnish accurate wage statements to Plaintiffs, failed to indemnify Plaintiffs for expenditures, and failed to produce requested employment records. As discussed below, Plaintiffs' experience working for Defendants was typical and illustrative.

44. Throughout the statutory period, Defendants maintained a pattern and practice of not paying Plaintiffs and the Class for all hours worked, including minimum, straight time, and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

overtime wages. Defendants required Plaintiffs and the Class to work "off-the-clock," uncompensated, by, for example, requiring Plaintiffs and the Class to perform work during uncompensated meal periods and rest periods. Some of this unpaid work should have been paid at the overtime rate. In failing to pay for all hours worked, Defendants also failed to maintain accurate records of the hours Plaintiffs and the Class worked.

45. Throughout the statutory period, Defendants wrongfully failed to provide Plaintiffs and the Class with their legally mandated 30-minute, uninterrupted, and duty-free meal period in a manner required by law (and also including but not limited to failing to provide Plaintiffs and the Class the opportunity to leave the work premises to take meal periods). Defendants also continued to assert control over Plaintiffs and the Class by, among other things, requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory meal periods, or by denying Plaintiffs and the Class permission to take a meal period under the conditions required by law, and without properly compensating Plaintiffs and the Class for meal periods that were not provided as required by law. Defendants also never informed Plaintiffs of their right to, nor permitted them to take, a second meal period when Plaintiffs worked at least ten hours of work in a workday and otherwise unlawfully pressured them to waive such breaks. Accordingly, Defendants' pattern and practice was not to provide meal periods to Plaintiffs and the Class in compliance with California law.

46. Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiffs and the Class to take legally compliant rest periods in a manner required by law (and also including but not limited to failing to authorize and permit Plaintiffs and the Class the opportunity to leave the work premises to take rest periods). Defendants regularly required Plaintiffs and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, uninterrupted, duty-free rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiffs and the Class for rest periods that were not authorized or permitted. Instead, Defendants continued to assert control over Plaintiffs and the Class by requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

rest periods, or by denying Plaintiffs and the Class permission to take a rest period. Accordingly, Defendants' pattern and practice was to not authorize and permit Plaintiffs and the Class to take rest periods in compliance with California law.

47. Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiffs and the Class all final wages due at their termination of employment. In addition, Plaintiffs' final paychecks did not include payment for all expenditures, minimum wages, straight time wages, overtime wages, meal period premium wages, and rest period premium wages owed to them by Defendants at the conclusion of their employment. On information and belief, Defendants' failure to timely pay Plaintiffs' final wages when their employment terminated was not a single, isolated incident, but was instead consistent with Defendants' pattern and practice that applied to Plaintiffs and the Class.

48. Throughout the statutory period, Defendants failed to furnish Plaintiffs and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law). As a result of these violations of California Labor Code § 226(a), the Plaintiffs and the Class suffered injury because, among other things:

      (a)    the violations led them to believe that they were not entitled to be paid minimum, straight time, overtime, meal period premium, and rest period premium wages, even though they were entitled;

      (b)    the violations led them to believe that they had been paid the minimum, straight time, overtime, meal period premium, and rest period premium wages, even though they had not been;

      (c)    the violations led them to believe they were not entitled to be paid minimum, straight time, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were entitled;

      (d)    the violations led them to believe they had been paid minimum, straight time,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  overtime, meal period premium, and rest period premium wages at the

2  correct California rate even though they had not been;

3  (e)  the violations hindered them from determining the amounts of minimum,

4  straight time, overtime, meal period premium, and rest period premium

5  wages owed to them;

6  (f)  in connection with their employment before and during this action, and in

7  connection with prosecuting this action, the violations caused them to have

8  to perform mathematical computations to determine the amounts of wages

9  owed to them, computations they would not have to make if the wage

10  statements contained the required accurate information;

11  (g)  by understating the wages truly due to them, the violations caused them to

12  lose entitlement and/or accrual of the full amount of Social Security,

13  disability, unemployment, and other governmental benefits;

14  (h)  the wage statements inaccurately understated the wages, hours, and wage

15  rates to which Plaintiffs and the Class were entitled, and Plaintiffs and the

16  Class were paid less than the wages and wage rates to which they were

17  entitled.

18  Thus, Plaintiffs and the Class are owed the amounts provided for in California Labor Code §

19  226(e).

20  49.  Throughout the statutory period, Defendants have wrongfully required Plaintiffs

21  and the Class to pay expenses that they incurred in direct discharge of their duties for Defendants.

22  Plaintiffs and the Class regularly paid out-of-pocket for necessary employment-related expenses,

23  including, without limitation, work attires.

24  50.  Plaintiffs and the Class incurred substantial expenses as a direct result of

25  performing their job duties for Defendants, but Defendants failed to indemnify Plaintiffs and the

26  Class for these employment-related expenses.

27  ///

28  ///

## **CLASS ACTION ALLEGATIONS**

51.     Plaintiffs bring certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

52.     All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

53.     The proposed Class consists of and is defined as:

> All persons who worked for any Defendants in California as an hourly-paid or non-exempt employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the Class is sent.[1]

54.     At all material times, Plaintiffs were members of the Class.

55.     Plaintiffs undertake this concerted activity to improve the wages and working conditions of all Class Members.

56.     There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a)     <u>Numerosity</u>:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiffs at this time; however, the Class is estimated to be greater than forty (40) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b)     <u>Typicality</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

///

---

[1] In response to the COVID-19 pandemic, the Judicial Council of California adopted Emergency Rule 9(a) (California Rules of Court), whereby "statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020 to October 1, 2020."

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1   (c)   <u>Adequacy</u>: Plaintiffs are qualified to, and will, fairly and adequately protect

2         the interests of each Class Member with whom there is a shared, well-

3         defined community of interest and typicality of claims, as demonstrated

4         herein. Plaintiffs have no conflicts with or interests antagonistic to any Class

5         Member. Plaintiffs' attorneys, the proposed class counsel, are versed in the

6         rules governing class action discovery, certification, and settlement.

7         Plaintiffs have incurred, and throughout the duration of this action, will

8         continue to incur costs and attorneys' fees that have been, are, and will be

9         necessarily expended for the prosecution of this action for the substantial

10        benefit of each class member.

11  (d)   <u>Superiority</u>: A Class Action is superior to other available methods for the

12        fair and efficient adjudication of the controversy, including consideration of:

13        1)    The interests of the members of the Class in individually controlling

14              the prosecution or defense of separate actions;

15        2)    The extent and nature of any litigation concerning the controversy

16              already commenced by or against members of the Class;

17        3)    The desirability or undesirability of concentrating the litigation of the

18              claims in the particular forum; and,

19        4)    The difficulties likely to be encountered in the management of a class

20              action.

21  (e)   <u>Public Policy Considerations</u>: The public policy of the State of California is

22        to resolve the California Labor Code claims of many employees through a

23        class action. Indeed, current employees are often afraid to assert their rights

24        out of fear of direct or indirect retaliation. Former employees are also fearful

25        of bringing actions because they believe their former employers might

26        damage their future endeavors through negative references and/or other

27        means. Class actions provide the class members who are not named in the

28        complaint with a type of anonymity that allows for the vindication of their

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  rights at the same time as their privacy is protected.

2  57.  There are common questions of law and fact as to the Class (and each subclass, if

3  any) that predominate over questions affecting only individual members, including without

4  limitation, whether, as alleged herein, Defendants have:

5  (a)  Failed to pay Class Members for all hours worked, including minimum,

6  straight time, and overtime wages;

7  (b)  Failed to provide meal periods and pay meal period premium wages to Class

8  Members;

9  (c)  Failed to authorize and permit rest periods and pay rest period premium

10  wages to Class Members;

11  (d)  Failed to provide Class Members with timely final wages;

12  (e)  Failed to provide Class Members with accurate wage statements;

13  (f)  Failed to indemnify Class Members for expenditures; and,

14  (g)  Violated California Business & Professions Code §§ 17200 *et. seq.* as a

15  result of their illegal conduct as described above.

16  58.  This Court should permit this action to be maintained as a class action pursuant to

17  California Code of Civil Procedure § 382 because:

18  (a)  The questions of law and fact common to the Class predominate over any

19  question affecting only individual members;

20  (b)  A class action is superior to any other available method for the fair and

21  efficient adjudication of the claims of the members of the Class;

22  (c)  The members of the Class are so numerous that it is impractical to bring all

23  members of the class before the Court;

24  (d)  Plaintiffs, and the other members of the Class, will not be able to obtain

25  effective and economic legal redress unless the action is maintained as a

26  class action;

27  (e)  There is a community of interest in obtaining appropriate legal and equitable

28  relief for the statutory violations, and in obtaining adequate compensation

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f) Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1) Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or,

2) Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

59. Plaintiffs contemplate the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Plaintiffs contemplates the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

///

///

///

///

**FIRST CAUSE OF ACTION**

**(By All Plaintiffs Against All Defendants for Failure to Pay Minimum and Straight Time Wages for All Hours Worked)**

60.     Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 26 in this Complaint.

61.     "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

62.     At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiffs and the Class compensation for all hours they worked.  By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of California Labor Code § 1194, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

63.     Accordingly, Plaintiffs and the Class are entitled to recover minimum and straight time wages for all non-overtime hours worked for Defendants.

64.     By and through the conduct described above, Plaintiffs and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

65.     By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiffs and the Class for their non-overtime hours worked without pay, Plaintiffs and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiffs and the Class and which will be ascertained according to proof at trial.

66.     By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiffs and the Class.

67.     Pursuant to California Labor Code § 1194.2, Plaintiffs and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

68.     California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

this cause of action, Plaintiffs and the Class were entitled to be paid twice a month at rates required by law, including minimum and straight time wages. However, during all such times, Defendants systematically failed and refused to pay Plaintiffs and the Class all such wages due and failed to pay those wages twice a month.

69.     Plaintiffs and the Class are also entitled to seek recovery of all unpaid minimum and straight time wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SECOND CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants for Failure to Pay Overtime Wages)**

70.     Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 26 in this Complaint.

71.     California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

72.     California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the IWC is unlawful.

73.     At all times relevant hereto, Plaintiffs and the Class have worked more than eight hours in a workday and/or more than forty (40) hours in a workweek, as employees of Defendants.

74.     At all times relevant hereto, Defendants failed to pay Plaintiffs and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code §§ 510 and 1198.

75.     By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiffs and the Class for their overtime hours worked, Plaintiffs and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained

according to proof at trial.

76. By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiffs and the Class.

77. Plaintiffs and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

78. California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month. The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period. Defendants failed to provide Plaintiffs and the Class with all compensation due, in violation of California Labor Code § 204.

## THIRD CAUSE OF ACTION

### (By All Plaintiffs Against All Defendants for Failure to Provide Meal Periods)

79. Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 26 in this Complaint.

80. Under California law, Defendants have an affirmative obligation to relieve the Plaintiffs and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiffs and the Class' sixth hour of work in a workday, and to take their second meal periods no later than the start of the tenth hour of work in the workday. California Labor Code § 512, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least thirty (30) minutes for each five-hour period worked. It is a violation of California Labor Code § 226.7 for an employer to require any employee to work during any meal period mandated under any Wage Order.

81. Despite these legal requirements, Defendants regularly failed to provide Plaintiffs and the Class with both meal periods as required by California law. By their failure to permit and authorize Plaintiffs and the Class to take all meal periods as alleged above (or due to the fact that

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

Defendants made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of California Labor Code § 226.7 and the applicable Wage Orders.

82.    Under California law, Plaintiffs and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon.

## FOURTH CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants for Failure to Authorize and Permit Rest Periods)**

83.    Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 26 in this Complaint.

84.    Defendants are required by California law to authorize and permit breaks of ten uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours).  California Labor Code § 512, the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of ten minutes each for each 4-hour period worked.  Thus, for example, if an employee's work time is six hours and ten minutes, the employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.  It is a violation of California Labor Code § 226.7 for an employer to require any employee to work during any rest period mandated under any Wage Order.

85.    Despite these legal requirements, Defendants failed to authorize Plaintiffs and the Class to take rest breaks, regardless of whether employees worked more than four hours in a workday.  By their failure to permit and authorize Plaintiffs and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of California Labor Code § 226.7 and the applicable Wage Orders.

86.    Under California law, Plaintiffs and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s), plus interest thereon.

CLASS ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**FIFTH CAUSE OF ACTION**

**(By All Plaintiffs Against All Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

87.    Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 26 in this Complaint.

88.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

89.    Within the applicable statute of limitations, the employment of many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be.  However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code §§ 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

90.    Defendants' failure to pay those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

91.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

92.    The Class is entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code § 203.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

93.     Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, the Class is also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

## SIXTH CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)**

94.     Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 26 in this Complaint.

95.     At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

96.     Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiffs and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

97.     As a result of Defendants' violation of California Labor Code § 226(a), Plaintiffs and the Class have suffered injury and damage to their statutorily protected rights.

98.     Specifically, Plaintiffs and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage

statements under California Labor Code § 226(a).

99.     Calculation of the true wage entitlement for Plaintiffs and the Class is difficult and time consuming.  As a result of this unlawful burden, Plaintiffs and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

100.    Plaintiffs and the Class are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

101.    Plaintiffs and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## SEVENTH CAUSE OF ACTION

### (By All Plaintiffs Against All Defendants for Failure to Indemnify Employees for Expenditures)

102.    Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 26 in this Complaint.

103.    As set forth above, Plaintiffs and the Class were required to incur substantial necessary expenditures and losses in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

104.    Defendants violated California Labor Code § 2802, by failing to pay and indemnify Plaintiffs and the Class for necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

105.    As a result, Plaintiffs and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

106.    Plaintiffs and the Class are entitled to reasonable attorney's fees, expenses, and costs of suit pursuant to California Labor Code § 2802(c) and interest pursuant to California Labor Code § 2802(b).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1

## EIGTH CAUSE OF ACTION

2

**(By All Plaintiffs Against All Defendants for Violation of California Business & Professions**

3

**Code §§ 17200, et seq.)**

4

107.    Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs

5

1 through 26 in this Complaint.

6

108.    Defendants, and each of them, are "persons" as defined under California Business

7

& Professions Code § 17201.

8

109.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

9

unlawful, and harmful to Plaintiffs, other Class members, and to the general public.  Plaintiffs

10

seeks to enforce important rights affecting the public interest within the meaning of Code of Civil

11

Procedure § 1021.5.

12

110.    Defendants' activities, as alleged herein, are violations of California law, and

13

constitute unlawful business acts and practices in violation of California Business & Professions

14

Code §§ 17200, *et seq*.

15

111.    A violation of California Business & Professions Code §§ 17200, *et seq*. may be

16

predicated on the violation of any state or federal law.  All of the acts described herein as violations

17

of, among other things, the California Labor Code, are unlawful and in violation of public policy;

18

and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby

19

constitute unfair, unlawful and/or fraudulent business practices in violation of California Business

20

& Professions Code §§ 17200, *et seq*.

21

### Failure to Pay Minimum and Straight Time Wages

22

112.    Defendants' failure to pay minimum and straight time wages, and other benefits in

23

violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by

24

California Business & Professions Code §§ 17200, *et seq*.

25

### Failure to Pay Overtime Wages

26

113.    Defendants' failure to pay overtime compensation and other benefits in violation of

27

California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity

28

prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Provide Meal Periods**

114.    Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Authorize and Permit Rest Periods**

115.    Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

**Failure to Indemnify Business Expenses**

116.    Defendants' failure to reimburse expenses incurred in accordance with California Labor Code § 2802, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200 *et seq*.

117.    By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiffs, and all persons similarly situated, and have deprived Plaintiffs, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

118.    Plaintiffs and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

119.    Plaintiffs, individually, and on behalf of members of the putative Class, is entitled to, and does, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiffs and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiffs and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

120.    Plaintiffs, individually, and on behalf of members of the putative class, is further entitled to and does seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices

in the future.

121.    Plaintiffs, individually, and on behalf of members of the putative class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiffs, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

122.    Plaintiffs also allege that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

123.    Pursuant to California Business & Professions Code §§ 17200, *et seq*., Plaintiffs and putative Class Members is entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years and 178 days prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

### **PRAYER FOR RELIEF**

Plaintiffs, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action;

2.    That Plaintiffs be appointed as the representative of the Class; and,

3.    That counsel for Plaintiffs be appointed as Class Counsel.

### As to the First Cause of Action

4.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

minimum and straight time wages due;

5.     For unpaid wages as may be appropriate;

6.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.     For liquidated damages;

8.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

9.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Second Cause of Action</u>

10.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

11.     For unpaid wages at overtime wage rates as may be appropriate;

12.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

14.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

15.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

16.     For unpaid meal period premium wages as may be appropriate;

17.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and,

19.     For such other and further relief as the Court may deem equitable and appropriate.

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

As to the Fourth Cause of Action

20.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

21.     For unpaid rest period premium wages as may be appropriate;

22.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and,

24.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Fifth Cause of Action

25.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

26.     For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

27.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

28.     For reasonable attorneys' fees and for costs of suit incurred herein; and,

29.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

30.     That the Court declare, adjudge, and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

31.     For all actual damages, according to proof;

32.     For statutory penalties pursuant to California Labor Code § 226(e);

33.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

34.     For reasonable attorneys' fees and for costs of suit incurred herein; and,

26

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    35.    For such other and further relief as the Court may deem equitable and appropriate.

2    <u>As to the Seventh Cause of Action</u>

36.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code § 2802 by willfully failing to indemnify employees for expenditures;

37.    For unpaid wages or unreimbursed business expenses as may be appropriate;

38.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

39.    For reasonable attorneys' fees and for costs of suit incurred herein; and,

40.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Eighth Cause of Action</u>

41.    That the Court declare, adjudge, and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq.* by failing to pay for all hours worked (minimum, straight time, and overtime wages), failing to provide meal periods, failing to authorize and permit rest periods, and failing to indemnify employees for expenditures;

42.    For restitution of unpaid wages to Plaintiffs and all Class Members and prejudgment interest from the day such amounts were due and payable;

43.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

44.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

45.    For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq.*; and,

46.    For such other and further relief as the Court may deem equitable and appropriate.

///

///

///

///

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

<u>As to all Causes of Action</u>

47.     For any additional relief that the Court deems just and proper.


                                    Respectfully submitted,

Dated: December 30, 2022            **WILSHIRE LAW FIRM**

                        By: _____
                                    John G. Yslas
                                    Aram Boyadjian
                                    Andrew Sandoval

                                    Attorneys for Plaintiffs


## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all causes of action triable by jury.


Dated: December 30, 2022            **WILSHIRE LAW FIRM**


                        By: _____
                                    John G. Yslas
                                    Aram Boyadjian
                                    Andrew Sandoval

                                    Attorneys for Plaintiffs

1  John G. Yslas (SBN 187324)
2  jyslas@wilshirelawfirm.com
   Aram Boyadjian (SBN 334009)
3  aboyadjian@wilshirelawfirm.com
   Andrew Sandoval (SBN 346996)
4  andrew.sandoval@wilshirelawfirm.com
   **WILSHIRE LAW FIRM**
5  3055 Wilshire Blvd., 12th Floor
   Los Angeles, California 90010
6  Telephone: (213) 381-9988
7  Facsimile: (213) 381-9989

8  Attorneys for Plaintiffs

**FILED**
Superior Court of California
County of Alameda

02/23/2023

Chad Finke, Executive Officer /Clerk of the Court

By: _____ Deputy
        C. Clark

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| ELIJAH BAER, JOSHUA BAYANGOS, RONALD GRUEL, ISAIAH HAMPTON, NATHAN JOHNSON, CHANDRASEKAR KUPPUCHAMY, DEREK LEWIS, DESERIE MARTIN,  JOSEPH MARTINEZ, MAYRENI MORALES, SHONTAE STEPHENS,  SIENNA STEPHENS, RUDY VALDEZ, JATEL VERCHER, and KAYLA WILLIAMS, individually, and on behalf of all others similarly situated, and on behalf of the State of California and other aggrieved persons, | Case No.: 22CV024984 **FIRST AMENDED CLASS & REPRESENTATIVE ACTION COMPLAINT:** 1. Failure to Pay Minimum and Straight Time Wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197); 2. Failure to Pay Overtime Wages (Cal. Lab. Code §§ 1194 and 1198); 3. Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512); 4. Failure to Authorize and Permit Rest Periods (Cal. Lab. Code §§ 226.7); 5. Failure to Timely Pay Final Wages at Termination (Cal. Lab. Code §§ 201-203); 6. Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226); 7. Failure to Indemnify Employees for Expenditures (Cal. Lab. Code § 2802) 8. Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq*.); and, 9. Civil Penalties Under PAGA (Cal. Lab. Code § 2699, *et seq.* **DEMAND FOR JURY TRIAL** |
| *Plaintiffs*, | |
| v. | |
| TESLA MOTORS, INC., a California corporation, and DOES 1 through 10, inclusive, | |
| *Defendants*. | |

Plaintiffs ELIJAH BAER, JOSHUA BAYANGOS, RONALD GRUEL, ISAIAH HAMPTON, NATHAN JOHNSON, CHANDRASEKAR KUPPUCHAMY, DEREK LEWIS, DESERIE MARTIN, JOSEPH MARTINEZ, MAYRENI MORALES, SHONTAE STEPHENS, SIENNA STEPHENS, RUDY VALDEZ, JATEL VERCHER, and KAYLA WILLIAMS, ("Plaintiffs"), on information and belief, allege as follows:

## INTRODUCTION & PRELIMINARY STATEMENT

1. Plaintiffs bring this action against Defendant TESLA MOTORS, INC., and DOES 1 through 10 (hereinafter collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay for all hours worked (minimum, straight time, and overtime wages), failure to provide meal periods, failure to authorize and permit rest periods, failure to timely pay final wages, failure to furnish accurate wage statements, failure to indemnify employees for expenditures, and failure to produce requested employment records.

2. Plaintiffs bring the First through Eight Causes of Action individually and as a class action on behalf of themselves and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members," and defined more fully below). The Class consists of Plaintiffs and all other persons who have been employed by any Defendants in California as an hourly-paid or non-exempt employee during the statute of limitations period applicable to the claims pleaded here.

3. Plaintiffs brings the Ninth Cause of Action as a representative action under the California Private Attorneys General Act ("PAGA") to recover civil penalties that are owed to them, the State of California, and past and present non-exempt employees employed by Defendants in the State of California during the statute of limitations period for their PAGA claim (hereinafter referred to as the "Aggrieved Employees").

4. Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Alameda County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

5. Despite these requirements, throughout the statutory period, Defendants maintained a systematic, company-wide pattern and practice of:

(a) Failing to pay employees for all hours worked, including all minimum, straight time, and overtime in compliance with the California Labor Code and IWC Wage Orders;

(b) Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(c) Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(d) Willfully failing to pay employees all minimum, straight time, overtime, meal period premium, and rest period premium wages due within the time period specified by California law when employment terminates;

(e) Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders; and,

(f) Failing to indemnify employees for expenditures incurred in direct discharge of duties of employment.

6. On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

7.    At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiffs, the Class, and the Aggrieved Employees. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior."

## THE PARTIES

### A.    Plaintiffs

8.    Plaintiff Elijah Baer is a resident of San Jose, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately February 2022 to present.

9.    Plaintiff Joshua Bayangos is a resident of Antioch, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately February 2022 to approximately March 2022.

10.    Plaintiff Ronald Gruel is a resident of Hayward, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2018 to approximately December 2021.

11.    Plaintiff Isaiah Hampton is a resident of Salinas, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately July 2022 to approximately November 2022.

12.    Plaintiff Nathan Johnson is a resident of Modesto, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately July 2020 to approximately August 2022.

13.    Plaintiff Chandrasekar Kuppuchamy is a resident of Newark, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2021 to approximately August 2022.

14.    Plaintiff Derek Lewis is a resident of San Jose, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately October 2018 to present.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

15. Plaintiff Deserie Martin is a resident of Fremont, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately January 2021 to approximately October 2022.

16. Plaintiff Joseph Martinez is a resident of Oakland, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2022 to present.

17. Plaintiff Mayreni Morales is a resident of Oakland, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2017 to approximately August 2022.

18. Plaintiff Shontae Stephens is a resident of Milpitas, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2020 to approximately December 2020.

19. Plaintiff Sienna Stephens is a resident of Milpitas, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2020 to approximately December 2020.

20. Plaintiff Rudy Valdez is a resident of Victorville, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately April 2022 to approximately November 2022.

21. Plaintiff Jatel Vercher is a resident of Lathrop, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately December 2021 to approximately November 2022.

22. Plaintiff Kayla Williams is a resident of Oakland, California who worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately June 2021 to approximately September 2022.

23. Plaintiffs reserve the right to seek leave to amend this complaint to add new Plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

FIRST AMENDED CLASS & REPRESENTATIVE ACTION COMPLAINT

**B.** **Defendants**

24.     Plaintiffs are informed and believes, and based upon that information and belief alleges, that Defendant TESLA MOTORS, INC. is, and at all times herein mentioned, was:

        (a)    A business entity conducting business in numerous counties throughout the State of California, including Alameda County; and,

        (b)    The former employer of Plaintiffs, and the current and/or former employer of the putative Class because Defendant TESLA MOTORS, INC.. suffered and permitted Plaintiffs, the Class, and the Aggrieved Employees to work, and/or controlled their wages, hours, or working conditions.

25.     Plaintiffs do not know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sue said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiffs, the Class, and the Aggrieved Employees as alleged herein. Plaintiffs will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

26.     At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiffs, the Class, and the Aggrieved Employees in the State of California.

27.     Plaintiffs are informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions. Plaintiffs are informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

alleged below. Plaintiffs are informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants and/or all Defendants were joint employers.

## **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

28.     Plaintiff Elijah Baer worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately February 2022 to present.

29.     Plaintiff Joshua Bayangos worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately February 2022 to approximately March 2022.

30.     Plaintiff Ronald Gruel worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2018 to approximately December 2021.

31.     Plaintiff Isaiah Hampton worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately July 2022 to approximately November 2022.

32.     Plaintiff Nathan Johnson worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately July 2020 to approximately August 2022.

33.     Plaintiff Chandrasekar Kuppuchamy worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2021 to approximately August 2022.

34.     Plaintiff Derek Lewis worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately October 2018 to present.

35.     Plaintiff Deserie Martin worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately January 2021 to approximately October 2022.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS & REPRESENTATIVE ACTION COMPLAINT

36.     Plaintiff Joseph Martinez worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2022 to present.

37.     Plaintiff Mayreni Morales worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2017 to approximately August 2022.

38.     Plaintiff Shontae Stephens worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2020 to approximately December 2020.

39.     Plaintiff Sienna Stephens worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately September 2020 to approximately December 2020.

40.     Plaintiff Rudy Valdez worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately April 2022 to approximately November 2022.

41.     Plaintiff Jatel Vercher worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately December 2021 to approximately November 2022.

42.     Plaintiff Kayla Williams worked for Defendants in Alameda County, California as an hourly-paid, non-exempt employee from approximately June 2021 to approximately September 2022.

43.     During Plaintiffs' employment for Defendants, Defendants paid Plaintiffs an hourly wage and classified them as non-exempt from overtime.  Defendants typically scheduled Plaintiffs to work at least five days in a workweek and at least eight hours per day, but Plaintiffs also worked more than eight hours in a workday and more than forty (40) hours in a workweek.

44.     Throughout Plaintiffs' employment, Defendants failed to pay for all hours worked (including minimum, straight time, and overtime wages), failed to provide Plaintiffs with legally compliant meal periods, failed to authorize and permit Plaintiffs to take rest periods, failed to timely pay all final wages to Plaintiffs when Defendants terminated their employment, failed to

furnish accurate wage statements to Plaintiffs, failed to indemnify Plaintiffs for expenditures, and failed to produce requested employment records. As discussed below, Plaintiffs' experience working for Defendants was typical and illustrative.

45. Throughout the statutory period, Defendants maintained a pattern and practice of not paying Plaintiffs, the Class, and the Aggrieved Employees for all hours worked, including minimum, straight time, and overtime wages. Defendants required Plaintiffs, the Class, and the Aggrieved Employees to work "off-the-clock," uncompensated, by, for example, requiring Plaintiffs, the Class, and the Aggrieved Employees to perform work during uncompensated meal periods and rest periods. Some of this unpaid work should have been paid at the overtime rate. In failing to pay for all hours worked, Defendants also failed to maintain accurate records of the hours Plaintiffs, the Class, and the Aggrieved Employees worked.

46. Throughout the statutory period, Defendants wrongfully failed to provide Plaintiffs, the Class, and the Aggrieved Employees with their legally mandated 30-minute, uninterrupted, and duty-free meal period in a manner required by law (and also including but not limited to failing to provide Plaintiffs, the Class, and the Aggrieved Employees the opportunity to leave the work premises to take meal periods). Defendants also continued to assert control over Plaintiffs, the Class, and the Aggrieved Employees by, among other things, requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory meal periods, or by denying Plaintiffs, the Class, and the Aggrieved Employees permission to take a meal period under the conditions required by law, and without properly compensating Plaintiffs, the Class, and the Aggrieved Employees for meal periods that were not provided as required by law. Defendants also never informed Plaintiffs of their right to, nor permitted them to take, a second meal period when Plaintiffs worked at least ten hours of work in a workday and otherwise unlawfully pressured them to waive such breaks. Accordingly, Defendants' pattern and practice was not to provide meal periods to Plaintiffs, the Class, and the Aggrieved Employees in compliance with California law.

47. Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiffs, the Class, and the Aggrieved Employees to take legally compliant rest

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS & REPRESENTATIVE ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

periods in a manner required by law (and also including but not limited to failing to authorize and permit Plaintiffs, the Class, and the Aggrieved Employees the opportunity to leave the work premises to take rest periods). Defendants regularly required Plaintiffs, the Class, and the Aggrieved Employees to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, uninterrupted, duty-free rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiffs, the Class, and the Aggrieved Employees for rest periods that were not authorized or permitted. Instead, Defendants continued to assert control over Plaintiffs, the Class, and the Aggrieved Employees by requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory rest periods, or by denying Plaintiffs, the Class, and the Aggrieved Employees permission to take a rest period. Accordingly, Defendants' pattern and practice was to not authorize and permit Plaintiffs, the Class, and the Aggrieved Employees to take rest periods in compliance with California law.

48. Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiffs, the Class, and the Aggrieved Employees all final wages due at their termination of employment. In addition, Plaintiffs' final paychecks did not include payment for all expenditures, minimum wages, straight time wages, overtime wages, meal period premium wages, and rest period premium wages owed to them by Defendants at the conclusion of their employment. On information and belief, Defendants' failure to timely pay Plaintiffs' final wages when their employment terminated was not a single, isolated incident, but was instead consistent with Defendants' pattern and practice that applied to Plaintiffs, the Class, and the Aggrieved Employees.

49. Throughout the statutory period, Defendants failed to furnish Plaintiffs, the Class, and the Aggrieved Employees with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law). As a result of these violations of California Labor Code § 226(a), the Plaintiffs, the Class, and the Aggrieved Employees suffered injury because, among other things:

FIRST AMENDED CLASS & REPRESENTATIVE ACTION COMPLAINT

(a)   the violations led them to believe that they were not entitled to be paid minimum, straight time, overtime, meal period premium, and rest period premium wages, even though they were entitled;

(b)   the violations led them to believe that they had been paid the minimum, straight time, overtime, meal period premium, and rest period premium wages, even though they had not been;

(c)   the violations led them to believe they were not entitled to be paid minimum, straight time, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were entitled;

(d)   the violations led them to believe they had been paid minimum, straight time, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e)   the violations hindered them from determining the amounts of minimum, straight time, overtime, meal period premium, and rest period premium wages owed to them;

(f)   in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)   by understating the wages truly due to them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)   the wage statements inaccurately understated the wages, hours, and wage rates to which Plaintiffs, the Class, and the Aggrieved Employees were entitled, and Plaintiffs, the Class, and the Aggrieved Employees were paid less than the wages and wage rates to which they were entitled.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Thus, Plaintiffs, the Class, and the Aggrieved Employees are owed the amounts provided for in California Labor Code § 226(e).

50. Throughout the statutory period, Defendants have wrongfully required Plaintiffs, the Class, and the Aggrieved Employees to pay expenses that they incurred in direct discharge of their duties for Defendants. Plaintiffs, the Class, and the Aggrieved Employees regularly paid out-of-pocket for necessary employment-related expenses, including, without limitation, work attires.

51. Plaintiffs, the Class, and the Aggrieved Employees incurred substantial expenses as a direct result of performing their job duties for Defendants, but Defendants failed to indemnify Plaintiffs, the Class, and the Aggrieved Employees for these employment-related expenses.

## CLASS ACTION ALLEGATIONS

52. Plaintiffs bring certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

53. All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

54. The proposed Class consists of and is defined as:

> All persons who worked for any Defendants in California as an hourly-paid or non-exempt employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the Class is sent.[1]

55. At all material times, Plaintiffs were members of the Class.

56. Plaintiffs undertake this concerted activity to improve the wages and working conditions of all Class Members.

57. There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

    (a)  <u>Numerosity</u>: The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.

---

[1] In response to the COVID-19 pandemic, the Judicial Council of California adopted Emergency Rule 9(a) (California Rules of Court), whereby "statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020 to October 1, 2020."

FIRST AMENDED CLASS & REPRESENTATIVE ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

The membership of the entire Class is unknown to Plaintiffs at this time; however, the Class is estimated to be greater than forty (40) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b)     Typicality:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c)     Adequacy:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs have no conflicts with or interests antagonistic to any Class Member.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)     Superiority:  A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)      The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2)      The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3)      The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and,

4)      The difficulties likely to be encountered in the management of a class action.

FIRST AMENDED CLASS & REPRESENTATIVE ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

(e) <u>Public Policy Considerations</u>: The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action. Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

58. There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

(a) Failed to pay Class Members for all hours worked, including minimum, straight time, and overtime wages;

(b) Failed to provide meal periods and pay meal period premium wages to Class Members;

(c) Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

(d) Failed to provide Class Members with timely final wages;

(e) Failed to provide Class Members with accurate wage statements;

(f) Failed to indemnify Class Members for expenditures; and,

(g) Violated California Business & Professions Code §§ 17200 *et. seq*. as a result of their illegal conduct as described above.

59. This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

(a) The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b) A class action is superior to any other available method for the fair and

FIRST AMENDED CLASS & REPRESENTATIVE ACTION COMPLAINT

efficient adjudication of the claims of the members of the Class;

(c)    The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

(d)    Plaintiffs, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f)    Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or,

2)    Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g)    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

60.    Plaintiffs contemplate the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  notices.  To the extent that any further notices may be required, Plaintiffs contemplates the use of

2  additional techniques and forms commonly used in class actions, such as published notice, e-mail

3  notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the

4  Class and deemed necessary and/or appropriate by the Court.

5  **FIRST CAUSE OF ACTION**

6  **(By All Plaintiffs Against All Defendants for Failure to Pay Minimum and Straight Time**

7  **Wages for All Hours Worked)**

8  61.  Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs

9  1 through 51 in this Complaint.

10  62.  "Hours worked" is the time during which an employee is subject to the control of

11  an employer, and includes all the time the employee is suffered or permitted to work, whether or

12  not required to do so.

13  63.  At all relevant times herein mentioned, Defendants knowingly failed to pay to

14  Plaintiffs, the Class, and the Aggrieved Employees compensation for all hours they worked.  By

15  their failure to pay compensation for each hour worked as alleged above, Defendants willfully

16  violated the provisions of California Labor Code § 1194, and any additional applicable Wage

17  Orders, which require such compensation to non-exempt employees.

18  64.  Accordingly, Plaintiffs, the Class, and the Aggrieved Employees are entitled to

19  recover minimum and straight time wages for all non-overtime hours worked for Defendants.

20  65.  By and through the conduct described above, Plaintiffs, the Class, and the

21  Aggrieved Employees have been deprived of their rights to be paid wages earned by virtue of their

22  employment with Defendants.

23  66.  By virtue of the Defendants' unlawful failure to pay additional compensation to

24  Plaintiffs, the Class, and the Aggrieved Employees for their non-overtime hours worked without

25  pay, Plaintiffs, the Class, and the Aggrieved Employees suffered, and will continue to suffer,

26  damages in amounts which are presently unknown to Plaintiffs, the Class, and the Aggrieved

27  Employees and which will be ascertained according to proof at trial.

28  ///

67. By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiffs, the Class, and the Aggrieved Employees.

68. Pursuant to California Labor Code § 1194.2, Plaintiffs, the Class, and the Aggrieved Employees are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

69. California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month. Throughout the statute of limitations period applicable to this cause of action, Plaintiffs, the Class, and the Aggrieved Employees were entitled to be paid twice a month at rates required by law, including minimum and straight time wages. However, during all such times, Defendants systematically failed and refused to pay Plaintiffs, the Class, and the Aggrieved Employees all such wages due and failed to pay those wages twice a month.

70. Plaintiffs, the Class, and the Aggrieved Employees are also entitled to seek recovery of all unpaid minimum and straight time wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## **SECOND CAUSE OF ACTION**

**(By All Plaintiffs Against All Defendants for Failure to Pay Overtime Wages)**

71. Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 51 in this Complaint.

72. California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

73. California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the IWC is unlawful.

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

74.     At all times relevant hereto, Plaintiffs, the Class, and the Aggrieved Employees have worked more than eight hours in a workday and/or more than forty (40) hours in a workweek, as employees of Defendants.

75.     At all times relevant hereto, Defendants failed to pay Plaintiffs, the Class, and the Aggrieved Employees overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code §§ 510 and 1198.

76.     By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiffs, the Class, and the Aggrieved Employees for their overtime hours worked, Plaintiffs, the Class, and the Aggrieved Employees have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

77.     By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiffs, the Class, and the Aggrieved Employees.

78.     Plaintiffs, the Class, and the Aggrieved Employees also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

79.     California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month.  The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period.  Defendants failed to provide Plaintiffs, the Class, and the Aggrieved Employees with all compensation due, in violation of California Labor Code § 204.

### THIRD CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants for Failure to Provide Meal Periods)**

80.     Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 51 in this Complaint.

FIRST AMENDED CLASS & REPRESENTATIVE ACTION COMPLAINT

81.     Under California law, Defendants have an affirmative obligation to relieve the Plaintiffs, the Class, and the Aggrieved Employees of all duty in order to take their first daily meal periods no later than the start of Plaintiffs, the Class, and the Aggrieved Employees' sixth hour of work in a workday, and to take their second meal periods no later than the start of the tenth hour of work in the workday.  California Labor Code § 512, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least thirty (30) minutes for each five-hour period worked.  It is a violation of California Labor Code § 226.7 for an employer to require any employee to work during any meal period mandated under any Wage Order.

82.     Despite these legal requirements, Defendants regularly failed to provide Plaintiffs, the Class, and the Aggrieved Employees with both meal periods as required by California law.  By their failure to permit and authorize Plaintiffs, the Class, and the Aggrieved Employees to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of California Labor Code § 226.7 and the applicable Wage Orders.

83.     Under California law, Plaintiffs, the Class, and the Aggrieved Employees are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon.

## FOURTH CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants for Failure to Authorize and Permit Rest Periods)**

84.     Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 51 in this Complaint.

85.     Defendants are required by California law to authorize and permit breaks of ten uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours).  California Labor Code § 512, the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of ten minutes each for each 4-hour period worked.  Thus, for example, if an employee's work time is six hours and ten minutes, the employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.  It is a violation of California Labor Code § 226.7 for

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

an employer to require any employee to work during any rest period mandated under any Wage Order.

86. Despite these legal requirements, Defendants failed to authorize Plaintiffs, the Class, and the Aggrieved Employees to take rest breaks, regardless of whether employees worked more than four hours in a workday. By their failure to permit and authorize Plaintiffs, the Class, and the Aggrieved Employees to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of California Labor Code § 226.7 and the applicable Wage Orders.

87. Under California law, Plaintiffs, the Class, and the Aggrieved Employees are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s), plus interest thereon.

## FIFTH CAUSE OF ACTION

### (By All Plaintiffs Against All Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)

88. Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 51 in this Complaint.

89. At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

90. Within the applicable statute of limitations, the employment of many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be. However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor

FIRST AMENDED CLASS & REPRESENTATIVE ACTION COMPLAINT

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Code §§ 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

91.     Defendants' failure to pay those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

92.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

93.     The Class is entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code § 203.

94.     Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, the Class is also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

## SIXTH CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)**

95.     Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 51 in this Complaint.

96.     At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee

FIRST AMENDED CLASS & REPRESENTATIVE ACTION COMPLAINT

and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

97.     Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiffs, the Class, and the Aggrieved Employees, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

98.     As a result of Defendants' violation of California Labor Code § 226(a), Plaintiffs, the Class, and the Aggrieved Employees have suffered injury and damage to their statutorily protected rights.

99.     Specifically, Plaintiffs and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

100.     Calculation of the true wage entitlement for Plaintiffs, the Class, and the Aggrieved Employees is difficult and time consuming.  As a result of this unlawful burden, Plaintiffs, the Class, and the Aggrieved Employees were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

101.     Plaintiffs, the Class, and the Aggrieved Employees are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

102.     Plaintiffs, the Class, and the Aggrieved Employees are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## SEVENTH CAUSE OF ACTION

### (By All Plaintiffs Against All Defendants for Failure to Indemnify Employees for Expenditures)

103.    Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 51 in this Complaint.

104.    As set forth above, Plaintiffs, the Class, and the Aggrieved Employees were required to incur substantial necessary expenditures and losses in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

105.    Defendants violated California Labor Code § 2802, by failing to pay and indemnify Plaintiffs, the Class, and the Aggrieved Employees for necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

106.    As a result, Plaintiffs, the Class, and the Aggrieved Employees were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

107.    Plaintiffs, the Class, and the Aggrieved Employees are entitled to reasonable attorney's fees, expenses, and costs of suit pursuant to California Labor Code § 2802(c) and interest pursuant to California Labor Code § 2802(b).

## EIGTH CAUSE OF ACTION

### (By All Plaintiffs Against All Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)

108.    Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 51 in this Complaint.

109.    Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

110.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, other Class members, and to the general public.  Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of Code of Civil

FIRST AMENDED CLASS & REPRESENTATIVE ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  Procedure § 1021.5.

2  111.  Defendants' activities, as alleged herein, are violations of California law, and

3  constitute unlawful business acts and practices in violation of California Business & Professions

4  Code §§ 17200, *et seq*.

5  112.  A violation of California Business & Professions Code §§ 17200, *et seq*. may be

6  predicated on the violation of any state or federal law.  All of the acts described herein as violations

7  of, among other things, the California Labor Code, are unlawful and in violation of public policy;

8  and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby

9  constitute unfair, unlawful and/or fraudulent business practices in violation of California Business

10  & Professions Code §§ 17200, *et seq*.

11  **Failure to Pay Minimum and Straight Time Wages**

12  113.  Defendants' failure to pay minimum and straight time wages, and other benefits in

13  violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by

14  California Business & Professions Code §§ 17200, *et seq*.

15  **Failure to Pay Overtime Wages**

16  114.  Defendants' failure to pay overtime compensation and other benefits in violation of

17  California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity

18  prohibited by California Business & Professions Code §§ 17200, *et seq*.

19  **Failure to Provide Meal Periods**

20  115.  Defendants' failure to provide meal periods in accordance with California Labor

21  Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or

22  unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

23  **Failure to Authorize and Permit Rest Periods**

24  116.  Defendants' failure to authorize and permit rest periods in accordance with

25  California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful

26  and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

27  **Failure to Indemnify Business Expenses**

28  117.  Defendants' failure to reimburse expenses incurred in accordance with California

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

Labor Code § 2802, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200 *et seq*.

118.    By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiffs, and all persons similarly situated, and have deprived Plaintiffs, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

119.    Plaintiffs, the Class, and the Aggrieved Employees Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

120.    Plaintiffs, individually, and on behalf of members of the putative Class, is entitled to, and does, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiffs, the Class, and the Aggrieved Employees have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiffs, the Class, and the Aggrieved Employees are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

121.    Plaintiffs, individually, and on behalf of members of the putative class, is further entitled to and does seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

122.    Plaintiffs, individually, and on behalf of members of the putative class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiffs, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

///

123.    Plaintiffs also allege that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

124.    Pursuant to California Business & Professions Code §§ 17200, *et seq*., Plaintiffs and putative Class Members is entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years and 178 days prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## NINTH CAUSE OF ACTION

**(By Plaintiffs Against All Defendants for Civil Penalties Under the Private Attorneys General Act of 2004, Cal. Lab. Code § 2698, et seq.)**

125.    Plaintiffs incorporate by reference and re-allege as if fully stated herein paragraphs 1 through 51 in this Complaint.

126.    At all times herein mentioned, Defendants were subject to the Labor Code of the State of California and the applicable Industrial Welfare Commission Orders.

127.    California Labor Code § 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

128.    Plaintiffs have given written notice by online filing pursuant to California Labor Code § 2699.3 to the Labor and Workforce Development Agency and by certified mail to Defendants of the specific provisions of the Labor Code that Defendants have violated against Plaintiffs and current and former aggrieved employees, including the facts and theories to support the violations.  Plaintiffs also paid the filing fee.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

129.    The Labor and Workforce Development Agency has not indicated that it intends to investigate Defendants' Labor Code violations discussed in the notice.    Plaintiffs hereby commence a civil action to recover penalties under Labor Code § 2699 pursuant to § 2699.3 for the violations of the Labor Code described in this Complaint.    These penalties include, but are not limited to, penalties under California Labor Code §§ 210, 226.3, 1174.5, 1197.1, and 2699.

130.    Based on the conduct described in this Complaint, Plaintiffs are entitled to an award of civil penalties on behalf of herself, the State of California, and similarly situated Aggrieved Employees of Defendants.    The exact amount of the applicable penalties, in all, is in an amount to be shown according to proof at trial.    These penalties are in addition to all other remedies permitted by law.

131.    In addition, Plaintiffs seeks an award of reasonable attorney's fees and costs pursuant to California Labor Code § 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

## **PRAYER FOR RELIEF**

Plaintiffs, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action;

2.    That Plaintiffs be appointed as the representative of the Class; and,

3.    That counsel for Plaintiffs be appointed as Class Counsel.

### As to the First Cause of Action

4.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum and straight time wages due;

5.    For unpaid wages as may be appropriate;

6.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

FIRST AMENDED CLASS & REPRESENTATIVE ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1    7.    For liquidated damages;

2    8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

3  California Labor Code § 1194(a); and,

4    9.    For such other and further relief as the Court may deem equitable and appropriate.

5                        As to the Second Cause of Action

6    10.    That the Court declare, adjudge, and decree that Defendants violated California

7  Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all

8  overtime wages due;

9    11.    For unpaid wages at overtime wage rates as may be appropriate;

10   12.    For pre-judgment interest on any unpaid overtime compensation commencing from

11  the date such amounts were due;

12   13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

13  California Labor Code § 1194(a); and,

14   14.    For such other and further relief as the Court may deem equitable and appropriate.

15                        As to the Third Cause of Action

16   15.    That the Court declare, adjudge, and decree that Defendants violated California

17  Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

18   16.    For unpaid meal period premium wages as may be appropriate;

19   17.    For pre-judgment interest on any unpaid compensation commencing from the date

20  such amounts were due;

21   18.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5,

22  and for costs of suit incurred herein; and,

23   19.    For such other and further relief as the Court may deem equitable and appropriate.

24                        As to the Fourth Cause of Action

25   20.    That the Court declare, adjudge, and decree that Defendants violated California

26  Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

27   21.    For unpaid rest period premium wages as may be appropriate;

28

FIRST AMENDED CLASS & REPRESENTATIVE ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    22.    For pre-judgment interest on any unpaid compensation commencing from the date

2    such amounts were due;

3    23.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5,

4    and for costs of suit incurred herein; and,

5    24.    For such other and further relief as the Court may deem equitable and appropriate.

6    <u>As to the Fifth Cause of Action</u>

7    25.    That the Court declare, adjudge and decree that Defendants violated California

8    Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of

9    termination of the employment;

10    26.    For statutory wage penalties pursuant to California Labor Code § 203 for former

11    employees who have left Defendants' employ;

12    27.    For pre-judgment interest on any unpaid wages from the date such amounts were

13    due;

14    28.    For reasonable attorneys' fees and for costs of suit incurred herein; and,

15    29.    For such other and further relief as the Court may deem equitable and appropriate.

16    <u>As to the Sixth Cause of Action</u>

17    30.    That the Court declare, adjudge, and decree that Defendants violated the record

18    keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and

19    willfully failed to provide accurate itemized wage statements thereto;

20    31.    For all actual damages, according to proof;

21    32.    For statutory penalties pursuant to California Labor Code § 226(e);

22    33.    For injunctive relief to ensure compliance with this section, pursuant to California

23    Labor Code § 226(h);

24    34.    For reasonable attorneys' fees and for costs of suit incurred herein; and,

25    35.    For such other and further relief as the Court may deem equitable and appropriate.

26    <u>As to the Seventh Cause of Action</u>

27    36.    That the Court declare, adjudge, and decree that Defendants violated California

28    Labor Code § 2802 by willfully failing to indemnify employees for expenditures;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1   37.     For unpaid wages or unreimbursed business expenses as may be appropriate;

2   38.     For pre-judgment interest on any unpaid compensation commencing from the date

3   such amounts were due;

4   39.     For reasonable attorneys' fees and for costs of suit incurred herein; and,

5   40.     For such other and further relief as the Court may deem equitable and appropriate.

6                           As to the Eighth Cause of Action

7   41.     That the Court declare, adjudge, and decree that Defendants violated California

8   Business & Professions Code §§ 17200, *et seq.* by failing to pay for all hours worked (minimum,

9   straight time, and overtime wages), failing to provide meal periods, failing to authorize and permit

10  rest periods, and failing to indemnify employees for expenditures;

11  42.     For restitution of unpaid wages to Plaintiffs and all Class Members and prejudgment

12  interest from the day such amounts were due and payable;

13  43.     For the appointment of a receiver to receive, manage and distribute any and all funds

14  disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a

15  result of violations of California Business & Professions Code §§ 17200 *et seq.*;

16  44.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

17  California Code of Civil Procedure § 1021.5;

18  45.     For injunctive relief to ensure compliance with this section, pursuant to California

19  Business & Professions Code §§ 17200, *et seq.*; and,

20  46.     For such other and further relief as the Court may deem equitable and appropriate.

21                          As to the Ninth Cause of Action

22  47.     That the Court declare, adjudge and decree that Defendants violated the California

23  Labor Code by failing to pay wages for all hours worked (including minimum, straight time, and

24  overtime), failing to provide meal periods and pay the correct amount of meal period premium

25  wages, failing to authorize and permit rest periods and pay the correct amount of rest period

26  premium wages, failing to pay all earned wages twice per month, failing to maintain accurate

27  records of hours worked and meal periods, failing to pay all final wages to terminated employees,

28  failing to furnish accurate wage statements, and failing to indemnify employees for expenditures;

48. For all actual, consequential and incidental losses and damages, according to proof;

49. For all civil penalties pursuant to California Labor Code §§ 2699, et seq., and all other applicable Labor Code provisions;

50. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 2699; and,

51. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to all Causes of Action</u>

52. For any additional relief that the Court deems just and proper.

Respectfully submitted,

Dated: February 16, 2023           **WILSHIRE LAW FIRM**

By: _____
John G. Yslas
Aram Boyadjian
Andrew Sandoval

Attorneys for Plaintiffs

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs demand a trial by jury as to all causes of action triable by jury.

Dated: February 16, 2023           **WILSHIRE LAW FIRM**

By: _____
John G. Yslas
Aram Boyadjian
Andrew Sandoval

Attorneys for Plaintiffs

FIRST AMENDED CLASS & REPRESENTATIVE ACTION COMPLAINT

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|

**Attorney or Party without Attorney:**
John G. Yslas, Esq., Bar #187324
Wilshire Law Firm, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010
*Telephone No:* 213-381-9988     *FAX No:* 213-381-9989

*Ref. No. or File No.:*

**Attorney for:** Plaintiff

*For Court Use Only*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
04/26/2023 at 10:36:29 AM
By: Lynn Wiley,
Deputy Clerk

*Insert name of Court, and Judicial District and Branch Court:*
Alameda County Superior Court

*Plaintiff:* Elijah Baer, et al.

*Defendant:* Tesla Motors, Inc., et al.

| **PROOF OF SERVICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* 22CV024984 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Case Management Conference Statement; Notice of Posting Jury Fees

3.  a. *Party served:*                     Tesla, Motors, Inc., a California corporation
    b. *Person served:*                    Jessie Gastelum, Person Authorized to Accept

4.  *Address where the party was served:*          CT Corporation
                                                   330 N. Brand Blvd, Suite 700
                                                   Glendale, CA 91203

5.  *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Tue., Apr. 25, 2023 (2) at: 12:40PM

*7. **Person Who Served Papers:***                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. Bruce  Anderson

                                                   d.  ***The Fee for Service was:***

**1500 W. El Camino Avenue, #510**
**Sacramento, CA 95833**
**855-5VALPRO, Fax (866) 900-4665**
**www.ValproAttorneyServices.com**

    e.  I am: (3)  registered California process server
        *(i)*   Independent Contractor
        *(ii)   Registration No.:*     2016038557
        *(iii)  County:*               Los Angeles

*8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    *Date: Tue, Apr. 25, 2023*

John G. Yslas (SBN 187324)
jyslas@wilshirelawfirm.com
Jeffrey C. Bils (SBN 301629)
jbils@wilshirelawfirm.com
Aram Boyadjian (SBN 334009)
aboyadjian@wilshirelawfirm.com
Andrew Sandoval (SBN 346996)
andrew.sandoval@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
04/24/2023 at 04:48:58 PM
By: Tanisha Wordlow,
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ELIJAH BAER, JOSHUA BAYANGOS, RONALD GRUEL, ISAIAH HAMPTON, NATHAN JOHNSON, CHANDRASEKAR KUPPUCHAMY, DEREK LEWIS, DESERIE MARTIN, JOSEPH MARTINEZ, MAYRENI MORALES, SHONTAE STEPHENS, SIENNA STEPHENS, RUDY VALDEZ, JATEL VERCHER, and KAYLA WILLIAMS, individually, and on behalf of all others similarly situated, and on behalf of the State of California and other aggrieved persons,<br><br>*Plaintiffs*,<br><br>v.<br><br>TESLA MOTORS, INC., a California corporation, and DOES 1 through 10, inclusive,<br><br>*Defendants*. | Case No.: 22CV024984<br><br>[*Assigned for all purposes to:*<br>*Hon. Evelio M. Grillo, Dept. 21*]<br><br>**NOTICE OF PLAINTIFF'S POSTING OF JURY FEES**<br><br>Date: May 1, 2023<br>Time: 8:30 a.m.<br><br>Complaint filed: December 30, 2022<br>Trial date: Not set |

*Sidebar (vertical text):* WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

NOTICE OF PLAINTIFF POSTING JURY FEES

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs Elijah Baer, Joshua Bayangos, Ronald Gruel, Isaiah Hampton, Nathan Johnson, Chandrasekar Kuppuchamy, Derek Lewis, Deserie Martin, Joseph Martinez, Mayreni Morales, Shontae Stephens, Sienna Stephens, Rudy Valdez, Jatel Vercher, and Kayla Williams hereby posts jury fees in the amount of $150.00 in accordance with California Code of Civil Procedure Section 631 (b).

Respectfully submitted,

Dated: April 24, 2023          **WILSHIRE LAW FIRM**

By: _____

John Y. Yslas
Jeffrey C. Bils
Aram Boyadjian
Andrew Sandoval

Attorneys for Plaintiff

NOTICE OF PLAINTIFF POSTING JURY FEES

STATE OF CALIFORNIA    )
            ) ss
COUNTY OF LOS ANGELES  )

   I, Matthew Krout, state that I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010. My electronic service address is mkrout@wilshirelawfirm.com.
   On **April 24, 2023**, I served the foregoing
      **NOTICE OF PLAINTIFF'S POSTING OF JURY FEES**
on the interested parties listed below by placing a true copy thereof, enclosed in a sealed envelope by following one of the methods of service as follows:

CT Corporation
Agent for Service for
Tesla Motors, Inc.
330 N. Brand Blvd, Suite 700
Glendale, CA 91203

( )  **BY ELECTRONIC SERVICE:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person at the email addresses listed above using One Legal.

(X)  **BY PERSONAL SERVICE:** I caused the process for the delivery by April 25, 2023 of the document(s), enclosed in a sealed envelope, by hand via Valpro Attorney Services to the offices of the addressee(s) named herein.

( )  **BY MAIL:** I enclosed the above documents in a sealed envelope with postage thereon fully prepaid and placed for collection and mailing on the above date in accordance with ordinary business practices. I am readily familiar with this firm's practice of collection and processing of correspondence for mailing with the United States Postal Service**,** and that the correspondence shall be deposited with the United States Postal Service the same day in the ordinary course of business pursuant to Cal. Code Civ. Proc. § 1013(a).

( )  **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known email address or e-mail of record in this action.

   I declare under the penalty of perjury under the laws of the State of California, that the foregoing is true and correct.
   Executed on **April 24, 2023**, at Los Angeles, California.

                 _____
                 Matthew Krout

1  John G. Yslas (SBN 187324)
   jyslas@wilshirelawfirm.com
2  Jeffrey C. Bils (SBN 301629)
   jbils@wilshirelawfirm.com
3  Aram Boyadjian (SBN 334009)
   aboyadjian@wilshirelawfirm.com
4  Andrew Sandoval (SBN 346996)
   andrew.sandoval@wilshirelawfirm.com
5  **WILSHIRE LAW FIRM**
   3055 Wilshire Blvd., 12th Floor
6  Los Angeles, California 90010
   Telephone: (213) 381-9988
7  Facsimile: (213) 381-9989

8  Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**04/24/2023 at 04:48:58 PM**
By: Tanisha Wordlow,
Deputy Clerk

9

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 ## COUNTY OF ALAMEDA

11

12 | ELIJAH BAER, JOSHUA BAYANGOS, RONALD GRUEL, ISAIAH HAMPTON, NATHAN JOHNSON, CHANDRASEKAR KUPPUCHAMY, DEREK LEWIS, DESERIE MARTIN, JOSEPH MARTINEZ, MAYRENI MORALES, SHONTAE STEPHENS, SIENNA STEPHENS, RUDY VALDEZ, JATEL VERCHER, and KAYLA WILLIAMS, individually, and on behalf of all others similarly situated, and on behalf of the State of California and other aggrieved persons,

Case No.: 22CV024984

*[Assigned for all purposes to: Hon. Evelio M. Grillo, Dept. 21]*

**PLAINTIFFS' UNILATERAL CASE MANAGEMENT CONFERENCE STATEMENT**

Date:  May 1, 2023
Time:  8:30 a.m.

Complaint filed:  December 30, 2022
Trial date:  Not set

*Plaintiffs*,

v.

TESLA MOTORS, INC., a California corporation, and DOES 1 through 10, inclusive,

*Defendants*.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  Pursuant to this Court's Notice of Case Management Conference dated December 30,

2  2022, and this Court's Order re: Complex Determination Hearing dated January, 31, 2023,

3  counsel for Plaintiffs Elijah Baer, Joshua Bayangos, Ronald Gruel, Isaiah Hampton, Nathan

4  Johnson, Chandrasekar Kuppuchamy, Derek Lewis, Deserie Martin, Joseph Martinez, Mayreni

5  Morales, Shontae Stephens, Sienna Stephens, Rudy Valdez, Jatel Vercher, and Kayla Williams

6  ("Plailntiffs") submit this Unilateral Case Management Conference Statement in advance of the

7  Initial Case Management Conference scheduled for May 1, 2023 at 8:30 a.m., at the Alameda

8  Courthouse located at 1221 Oak Street, Oakland, CA 94612 in Department 21.

9  Plaintiffs served Defendant Tesla Motors, Inc. ("Defendant") via personal service on

10  April 10, 2023. To date, counsel for Defendant has not made a formal appearance in this matter.

## A.  CLAIMS AND DEFENSES

12  Plaintiffs' Statement

13  This is a putative wage and hour class action and Private Attorneys General Act ("PAGA")

14  action. Plaintiffs worked for Defendants as hourly-paid, non-exempt employees during the

15  statutory period.

16  Plaintiffs allege that Defendants: (1) failed to pay minimum wages and straight time wages;

17  (2) failed to pay overtime wages; (3) failed to provide meal periods; (4) failed to authorize and

18  permit rest periods; (5) failed to timely pay all wages to terminated employees; (6) failed to furnish

19  accurate itemized wage statements; (7) failed to indemnify employees for expenditures; and (8)

20  violated California's Unfair Competition Law, California Business and Professions Code section

21  17200 *et seq.* Plaintiffs bring their first eight causes of action as a class action on behalf of

22  themselves and "[a]ll persons who worked for any Defendant in California as an hourly-paid or

23  non-exempt employee at any time during the period beginning four years before the filing of the

24  initial complaint in this action and ending when notice to the Class is sent."

25  On February 2, 2023, Plaintiffs filed a First Amended Complaint adding a claim for civil

26  penalties under California's Private Attorneys General Act ("PAGA"), Labor Code section 2698

27  *et seq.*

28

PLAINTIFFS' UNILATERAL CASE MANAGEMENT CONFERENCE STATEMENT

## B. PARTIES AND POSTURE

Plaintiffs are represented by:

John G. Yslas (SBN 187324)
jyslas@wilshirelawfirm.com
Jeffrey C. Bils (SBN 301629)
jbils@wilshirelawfirm.com
Aram Boyadjian (SBN 334009)
aboyadjian@wilshirelawfirm.com
Andrew Sandoval (SBN 346996)
andrew.sandoval@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

## C. JOINDER OF PARTIES AND AMENDED OR ADDITIONAL PLEADINGS

Plaintiffs' Statement

Plaintiffs will likely add additional class and PAGA representatives. Plaintiffs reserve the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law. Plaintiffs also reserve the right to add additional defendants if discovery leads Plaintiff to believe that is necessary.

## D. CLASS DISCOVERY AND CLASS CERTIFICATION

Plaintiffs' Statement

Prior to the discovery cut-off, Plaintiffs anticipate propounding Requests for Production of Documents, Special Interrogatories, Form Interrogatories-General, and Requests for Admission. Plaintiffs also anticipate taking depositions of Defendant's Persons Most Knowledgeable ("PMK"), as well as the depositions of putative class members who file declarations in opposition to Plaintiffs' Motion for Class Certification, and depositions of other percipient witnesses. Plaintiffs will seek, among other things, Defendant's wage and hour policies, procedures and practices related to overtime, meal and rest periods, timekeeping, reimbursement of necessary business-related expenses, minimum wages, as well as time and wage records and other documents and information necessary to prepare for class certification. Plaintiffs' discovery will be narrowly tailored to class certification issues.

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

Plaintiffs believe that discovery should be conducted in two phases, "pre-certification" discovery and "post-certification" merits discovery. Plaintiffs realize, however, that class certification issues might be intertwined with the merits, resulting in some necessity for discovery going to class certification issues which might also relate to the merits.

**E. PROPOSED SCHEDULE**

Plaintiffs' Statement

Plaintiffs believe that it is premature to schedule a filing deadline for the motion for class certification at this time. However, if the Court is inclined to set a motion for class certification filing deadline, Plaintiffs respectfully requests the deadline be set for no earlier than May 2024.

**F. EVIDENTIARY ISSUES**

Plaintiffs' Statement

Plaintiffs do not believe that there are currently any evidentiary issues involving confidentiality or protected evidence. However, if a protective order does become necessary, Plaintiffs are amenable to using a stipulated protective order template similar to the one provided by Alameda Superior Court or Los Angeles Superior Court.

**G. PROCEDURAL POSTURE**

Plaintiffs' Statement

(1)     All named Parties have been served;

(2)     Plaintiffs are not aware of any cross-complaints;

(3)     Plaintiffs are presently unaware of potentially related actions with potentially overlapping class definitions;

(4)     Plaintiffs do not believe there are any jurisdictional or venue issues that may arise;

(5)     The status of discovery is set forth in Section D above;

(6)     Plaintiffs does not believe that are any unresolved law and motion matters;

(7)     Plaintiffs are amenable to continued private mediation and are hopeful this matter may settle;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

(8)   Plaintiffs believe that it is premature to determine the severability of issues at trial at this time; and

(9)   Plaintiffs and Plaintiffs' counsel do not have any calendar conflicts which may affect the setting of a trial date; however, Plaintiffs believe that it is premature to set a trial date currently.

**H.  COUNSEL SUGGESTIONS**

Plaintiffs' Statement

Plaintiffs are amenable to accepting electronic service of documents or using Case Anywhere or similar services to streamline litigation.  Plaintiffs suggest that the Court continue the Initial Case Management Conference by 30-60 days so that Defendant may make a proper appearance in this matter.

Respectfully submitted,

Dated: April 24, 2023                    **WILSHIRE LAW FIRM**

By: _____
    John Y. Yslas
    Jeffrey C. Bils
    Aram Boyadjian
    Andrew Sandoval

    Attorneys for Plaintiff

PLAINTIFFS' UNILATERAL CASE MANAGEMENT CONFERENCE STATEMENT

# PROOF OF SERVICE
*ELIJAH BAER v. TELSA MOTORS, INC.*
22CV024984

STATE OF CALIFORNIA         )
                                     ) ss

COUNTY OF LOS ANGELES    )

      I, Matthew Krout, state that I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010. My electronic service address is mkrout@wilshirelawfirm.com.
      On **April 24, 2023**, I served the foregoing
**PLAINTIFFS' UNILATERAL CASE MANAGEMENT CONFERENCE STATEMENT**
on the interested parties listed below by placing a true copy thereof, enclosed in a sealed envelope by following one of the methods of service as follows:

CT Corporation
Agent for Service for
Tesla Motors, Inc.
330 N. Brand Blvd, Suite 700
Glendale, CA 91203

( )    **BY ELECTRONIC SERVICE:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person at the email addresses listed above using One Legal.

(X)    **BY PERSONAL SERVICE:** I caused the process for the delivery by April 25, 2023 of the document(s), enclosed in a sealed envelope, by hand via Valpro Attorney Services to the offices of the addressee(s) named herein.

( )    **BY MAIL:** I enclosed the above documents in a sealed envelope with postage thereon fully prepaid and placed for collection and mailing on the above date in accordance with ordinary business practices. I am readily familiar with this firm's practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service the same day in the ordinary course of business pursuant to Cal. Code Civ. Proc. § 1013(a).

( )    **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known email address or e-mail of record in this action.

      I declare under the penalty of perjury under the laws of the State of California, that the foregoing is true and correct.
      Executed on **April 24, 2023**, at Los Angeles, California.

_____
Matthew Krout

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Courtroom Clerk: Nicole Hall                                           CSR: None

---

**22CV024984**                                                       May 1, 2023
                                                                      8:30 AM
**BAER, et al.**
  **vs**
**TESLA MOTORS, INC.**

---

## MINUTES

**APPEARANCES:**


**NATURE OF PROCEEDINGS: Initial Case Management Conference**

ORDER RE: CASE MANAGEMENT

The Court has ordered the following after review of the case.

The Initial Case Management Conference scheduled for 05/01/2023 is continued to 07/21/2023 at 01:30 PM in Department 21 at Rene C. Davidson Courthouse.

Clerk is directed to serve copies of this order, with proof of service, to counsel and to self-represented parties of record.


By:        *Nicole Hall*

           N. Hall, Deputy Clerk
           Minutes of: 05/01/2023
           Entered on: 05/04/2023

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| Elijah Baer  et al<br>          Plaintiff/Petitioner(s)<br>vs.<br>Tesla Motors, Inc.<br>          Defendant/Respondent(s) | No.      22CV024984<br><br>Date:    05/01/2023<br>Time:   8:30 AM<br>Dept:    21<br>Judge:   Evelio Grillo<br><br>ORDER re: Initial Case Management<br>Conference |

ORDER RE: CASE MANAGEMENT

The Court has ordered the following after review of the case.

The Initial Case Management Conference scheduled for 05/01/2023 is continued to 07/21/2023 at 01:30 PM in Department 21 at Rene C. Davidson Courthouse.

Clerk is directed to serve copies of this order, with proof of service, to counsel and to self-represented parties of record.

Dated: 05/01/2023

Evelio Grillo / Judge

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF/PETITIONER:
Elijah Baer  et al

DEFENDANT/RESPONDENT:
Tesla Motors, Inc.

**CERTIFICATE OF MAILING**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
05/04/2023
Chad Finke, Executive Officer / Clerk of the Court
By: _Nicole Hall_ Deputy
N. Hall

CASE NUMBER:
22CV024984

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

John Gregory Yslas
Wilshire Law Firm
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010

Chad Finke, Executive Officer / Clerk of the Court

Dated: 05/04/2023                    By:

N. Hall, Deputy Clerk

**CERTIFICATE OF MAILING**