1  John G. Yslas (SBN 187324)
   jyslas@wilshirelawfirm.com
2  Jeffrey C. Bils (SBN 301629)
   jbills@wilshirelawfirm.com
3  Aram Boyadjian (SBN 334009)
4  aboyadjian@wilshirelawfirm.com
   Andrew Sandoval (SBN 346996)
5  andrew.sandoval@wilshirelawfirm.com
6  **WILSHIRE LAW FIRM**
   3055 Wilshire Blvd, 12th Floor
7  Los Angeles, California 90010
   Telephone:  (213) 381-9988
8  Facsimile:   (213) 381-9989

9  Attorneys for Plaintiffs

10 [*Additional counsel on next page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH BAER, JOSHUA BAYANGOS, RONALD GRUEL, ISAIAH HAMPTON, NATHAN JOHNSON, CHANDRASEKAR KUPPUCHAMY, DEREK LEWIS, DESERIE MARTIN, JOSEPH MARTINEZ, MAYRENI MORALES, SHONTAE STEPHENS, SIENNA STEPHENS, RUDY VALDEZ, JATEL VERCHER, and KAYLA WILLIAMS, individually, and on behalf of all others similarly situated, and on behalf of the State of California and other aggrieved persons, <br><br> *Plaintiffs*, <br><br> v. <br><br> TESLA MOTORS, INC., a California corporation, and DOES 1 through 10, inclusive, <br><br> *Defendants*. | Case No. 23-cv-02274-YGR <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> **Mandatory Scheduling Conference** <br><br> Date:  August 21, 2023 <br> Time:  1:00 p.m. <br> Courtroom:  1 <br> Judge: Hon. Yvonne Gonzalez Rodgers <br><br> Complaint Filed:  December 30, 2022 <br> FAC Filed:  February 23, 2023 <br> Trial Date:  None Set |

MORGAN, LEWIS & BOCKIUS LLP
John S. Battenfeld, Bar No. 119513
Tuyet T. Nguyen Lu, Bar No. 256431
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Telephone: (213) 612-2500
Facsimile: (213) 612-2501
John.battenfeld@morganlewis.com
Tuyet.nguyen@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
J.P. Schreiber, Bar No. 317829
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
Jp.schreiber@morganlewis.com

Attorneys for Defendant
TESLA, INC. dba TESLA MOTORS, INC.

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16-9, and this Court's June 8, 2023 Clerk's Notice Setting Case Management Conference, Plaintiffs Elijah Baer, Joshua Bayangos, Ronald Gruel, Isaiah Hampton, Nathan Johnson, Chandrasekar Kuppuchamy, Derek Lewis, Deserie Martin, Joseph Martinez, Mayreni Morales, Shontae Stephens, Sienna Stephens, Rudy Valdez, Jatel Vercher, and Kayla Williams and Defendant Tesla, Inc., by and through their undersigned attorneys, file this Joint Rule 26(f) Report. On July 31, 2023, counsel for Plaintiffs, John G. Yslas and Jeffrey C. Bils in Los Angeles County, and counsel for Defendant, John S. Battenfeld and Tuyet T. Nguyen Lu in Los Angeles County, participated via telephone conference in a Rule 26 initial conference to discuss, *inter alia*, the issues covered below for the Joint Case Management Statement.

**(1) Jurisdiction and Service:**

**Plaintiffs' Statement:**

Plaintiffs respectfully believe the Court lacks subject matter jurisdiction over this Action. Plaintiffs filed this action in the California Superior Court for the County of Alameda on December 30, 2022. On February 23, 2023, Plaintiffs filed the First Amended Complaint. On May 10, 2023, Defendant removed this action to the United States District Court for the Northern District of California, asserting subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332 ("CAFA"), 1441, 1446, and 1453. On June 9, 2023, Plaintiffs filed a Motion for Order Remanding Action to State court. On June 23, 2023, Defendant filed an Opposition to Plaintiffs' Motion for Order Remanding. On June 30, 2023, Plaintiffs filed their reply to Defendant's opposition motion. The motion was set to be heard on July 18, 2023. On July 13, 2023, the Court vacated the hearing and took the matter under submission. The Court has not yet issued its ruling on the matter. At this time, there are no remaining issues regarding personal jurisdiction, venue, or service of additional parties.

**Defendant's Statement:**

Defendant contends that the Court has jurisdiction over the Action pursuant to CAFA, as set forth in its Opposition to Plaintiffs' Motion. Defendant also contends that Plaintiffs' class and individual claims were improperly brought in court, because Plaintiffs all entered into arbitration agreements requiring individual arbitration of their claims and waiving the ability to bring class claims.

**(2) Facts:**

**Plaintiffs' Statement:**

On December 30, 2022, Plaintiffs filed a Class Action Complaint in the Superior Court of the State of California, County of Alameda, entitled "Elijah Baer, et al., individually, and on behalf of all others similarly situated, Plaintiff vs. Tesla Motors, Inc., a California corporation; and DOES 1 through 10, inclusive, Defendants," Case No. 22CV024984, asserting class action claims for: (1) Failure to Pay Minimum and Straight Time Wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197); (2) Failure to Pay Overtime Wages (Cal. Lab. Code §§ 1194 and 1198); (3) Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512); (4) Failure to Authorize and Permit Rest Periods (Cal. Lab. Code §§ 226.7); (5) Failure to Timely Pay Final Wages at Termination (Cal. Lab. Code §§ 201-203); (6) Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226); (7) Failure to Indemnify Employees for Expenditures (Cal. Lab. Code § 2802); and (8) Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*). The class in this case is defined as: "[a]ll persons who worked for any Defendants in California as an hourly-paid or non-exempt employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the Class is sent." On February 23, 2023, Plaintiffs filed a First Amended Complaint, adding a claim for Civil Penalties Under the California Private Attorneys General Act ("PAGA") (Cal. Lab. Code § 2699, *et seq.*).

Plaintiffs believe the principal issue at this time is whether this Court has jurisdiction over the Action. Other issues will likely involve Defendant's dispute over whether they violated wage and hour law with respect to the causes of action alleged by Plaintiffs, and whether this matter is appropriate for class certification.

**Defendant's Statement:**

As stated in Defendant's Notice of Removal and Opposition, this Court has subject matter jurisdiction over this action pursuant to CAFA. As a threshold matter, Plaintiffs cannot pursue any class claims, and cannot pursue their individual claims in this forum, because they are subject to binding arbitration agreements that waive their ability to bring class claims and require them to arbitrate their individual claims alleged in the action, including individual PAGA claims.

Defendant denies Plaintiffs' material allegations and denies that Plaintiffs are entitled to any relief whatsoever, on an individual, class or representative basis. Defendant denies that any class can be certified, and denies that this case can be properly brought or tried as a representative action.

**(3)** **<u>Legal Issues:</u>**

**Plaintiffs' Statement:**

While reserving all rights, the key legal issues to be decided in this case will likely involve whether Defendant:

1. Failed to pay minimum and straight time wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197);
2. Failed to pay overtime wages (Cal. Lab. Code §§ 1194 and 1198);
3. Failed to provide meal periods (Cal. Lab. Code §§ 226.7, 512);
4. Failed to authorize and permit rest periods (Cal. Lab. Code §§ 226.7);
5. Failed to timely pay final wages at termination (Cal. Lab. Code §§ 201-203);
6. Failed to provide accurate itemized wage statements (Cal. Lab. Code § 226);
7. Failed to indemnify employees for expenditures (Cal. Lab. Code § 2802);

8. Committed unfair business practice (Cal. Bus. & Prof. Code §§ 17200, *et seq*.).

Moreover, while reserving all rights, additional key legal issues to be decided will likely involve whether:

9. Plaintiffs can maintain this action as a class action under Rule 23;

10. Plaintiffs and putative class members are entitled to any relief or damages, including, but not limited to, under PAGA.

**Defendant's Statement:**

The key threshold legal issue is whether Plaintiffs' class claims must be dismissed, their individual claims compelled to arbitration, and their non-individual PAGA claims stayed pending arbitration. All claimed legal issues identified by Plaintiffs involve highly individualized factual issues based on the allegations of their Complaint. To the extent any legal issues remain to be heard by the Court after it rules on the arbitration issue, Defendant identifies the following core issues:

- Whether Plaintiffs can establish all the requirements for class certification under Rule 23 as to any of their putative class claims;
- Whether Defendant's affirmative defenses would defeat or limit any purported liability;
- Whether Plaintiffs' claims under Labor Code sections 226 and 203 fail because Defendant's conduct was not knowing and intentional/willful based on a good faith dispute defense;
- Whether Plaintiffs can state a claim for alleged violations of Labor Code section 204 as a private right of action or under PAGA;
- Whether Plaintiffs can assert their claim for unfair business practices under California's Unfair Competition Law ("UCL"), which only provides equitable relief, because it is derivative of

      Plaintiff's other claims, that seek relief under statutes that provide adequate legal remedies;

- Whether Plaintiffs' claims for injunctive and declaratory relief are improper because Plaintiffs lacks standing to seek such relief as alleged former employees.
- Whether Plaintiffs Sienna Stephens and Shontae Stephens were employees of Defendant or of non-party Staffmark Investment LLC;
- Whether the PAGA claims should be stayed pending arbitration;
- Whether any Plaintiffs will have standing to maintain a PAGA action after arbitrating their individual PAGA claims;
- Whether the substance or alleged scope of any remaining PAGA claims can be manageably tried or otherwise shown to be capable of representative action procedures.

**(4)** **Motions:**

**Plaintiffs' Statement:**

On May 10, 2023, Defendant removed this action to the United States District Court for the Northern District of California, asserting subject matter jurisdiction under CAFA. On June 9, 2023, Plaintiffs filed a Motion for Order Remanding Action to State court. On June 23, 2023, Defendant filed an Opposition to Plaintiffs' Motion for Order Remanding. On June 30, 2023, Plaintiffs filed their reply to Defendant's opposition motion. The motion was set to be heard on July 18, 2023. On July 13, 2023, the Court vacated the hearing and took the matter under submission. The Court has not yet issued its ruling on the matter. If this action is not remanded, Plaintiffs will seek to file a motion for class certification. Plaintiffs may also bring motions to compel and motions in limine, if necessary. Plaintiffs may further bring motions for summary judgment and adjudication, if necessary.

Plaintiffs' counsel has met and conferred with Defendant's counsel regarding purported arbitration agreements. Plaintiffs may oppose motions to compel arbitration and requests to dismiss class allegations, and thus reserve the right to oppose such requested relief at this time. However, Plaintiff should be provided at least 45 days to oppose any motion to compel arbitration, given the number of purported class representatives in the Action.

**Defendant's Statement:**

Defendant will file motions to compel arbitration (addressing different arbitration agreements entered into by the Plaintiffs), to dismiss class claims, and to stay the non-individual PAGA claims. If any claims remain to be heard in court, Defendant may file motions for summary judgment as to some or all Plaintiffs, or to dismiss, strike or narrow the PAGA claims.

**(5)   Amendment of Pleadings:**

**Plaintiffs' Statement:**

Plaintiffs anticipate adding plaintiffs.

**Defendant's Statement:**

Defendant is aware through Plaintiffs' representations in Section 10 of this statement that another entirely duplicative PAGA action has been filed by Plaintiffs' counsel in Alameda County Superior Court alleging the same PAGA claims as the instant action. Defendant anticipates moving to stay that action. There are already an excessive and unnecessary number (15) of purported class and PAGA representative Plaintiffs in this Action. Defendant will likely challenge the need for any additional plaintiffs to be added to this Action.

**(6)   Evidence Preservation:**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") but have deferred discussions pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably

evident in this action, given Plaintiffs' pending remand motion and Defendant's intent to move to compel arbitration.

**(7) Disclosures:**

The Parties have agreed that initial disclosures are not appropriate before the remand motion is decided. Defendant contends that initial disclosures are not appropriate before its contemplated motion to compel arbitration is decided.

**(8) Discovery:**

**Plaintiffs' Statement:**

Plaintiffs respectfully believe the Court lacks subject matter jurisdiction, as discussed above. Should the case not be remanded, in order to support a Motion for Class Certification ("MCC"), several types of evidence are vital for Plaintiffs to discover from Defendant and then provide to this Court so that this Court can make its decision.

1. Time and Payroll Records

It is vital that Plaintiffs discover from Defendant's time and payroll records to support the Motion for Class Certification. For example, Plaintiffs require the production of time and other records showing last day worked, and whether an employee quit or was terminated, and wage statements to show that Plaintiffs and similarly situated employees were not provided with timely final payment of wages.

2. Declarations from Putative Class Members

Plaintiffs need to contact putative class members and obtain declaration testimony to support the allegations in Plaintiffs' operative pleading that Defendant's practices resulted in failure to provide timely payment of final wages. Plaintiffs will request the names and contact information for putative class members so that Plaintiffs may contact them and obtain declarations to support the claims that Defendant's practices alleged by Plaintiffs are typical of those experienced by Plaintiffs, common to all putative class members, that numerosity

is met, etc. Plaintiffs believe the information can be provided promptly using, at most, a protective order if Defendant prefers. Plaintiffs are also amenable to utilizing a *Belaire-West* opt-out notice procedure, but this would significantly extend the amount of time necessary to prepare for the filing of a MCC, and thus Plaintiffs would request additional time for the MCC filing should the *Belaire-West* procedure be utilized.

### 3. Written Policies

Plaintiffs plan to serve written discovery for Defendants' wage-and-hour policies in effect during the Class Period. Plaintiffs request, however, that discovery be stayed by the Court pending a ruling on Plaintiffs' Motion to Remand or *sua sponte* action by the Court remanding the matter to state court because, as discussed above, of the high likelihood that Defendant has failed to establish subject matter jurisdiction.

### 4. Expert Declaration(s)

It will likely take an expert(s) weeks to review all the information provided. In addition, due to formatting of documents provided or based on unexpected findings, interactive efforts between Plaintiffs' counsel and the expert(s) is often necessary, which can be lengthy. When the analysis is completed, it will take time for the expert(s) to provide declaration testimony to be included with the Motion for Class Certification.

### 5. Person(s) Most Knowledgeable Deposition(s)

Once Plaintiffs receives written policies, time and payroll documents, expert analysis, and Declarations from putative class members, it will be vital for Plaintiffs to depose the Person(s) Most Knowledgeable on certain categories for Defendant.

**Defendant's Statement:**

Defendant contends that no discovery is appropriate in this forum, and no class discovery is appropriate in any forum, given Plaintiffs' arbitration

agreements. Upon the Court's denial of Plaintiffs' motion for remand, Defendant will move to compel arbitration as to all Plaintiffs, to dismiss the class claims, and to stay any remaining claims in this action. Because any discovery must proceed in arbitration and must be limited to Plaintiff's individual claims, Defendant will object to any discovery served by Plaintiffs in this Action as outlined in Plaintiffs' Statement. Even if Plaintiffs could pursue class claims, any pre-certification discovery should be limited to issues relating to Plaintiffs' individual claims and Defendant's policies that are directly relevant to Plaintiffs' claims because Plaintiffs have not met and cannot meet their *prima facie* burden of showing that class certification is appropriate. Defendant will not serve any discovery in this Action prior to a ruling on arbitration.

**(9)   Class Actions:**

   **Plaintiffs' Statement:**

The Parties have reviewed the Procedural Guidance for Class Action Settlements. Plaintiffs propose the following deadlines for how and when the class will be certified, assuming the Court denies Plaintiffs' remand motion and Defendant's motion to compel arbitration on or before September 15, 2023:

| | |
|---|---|
| Last day to file motion for class certification: | 3/3/2025 |
| Opposition to motion for class certification due: | 4/3/2025 |
| Reply re motion for class certification due: | 5/1/2025 |
| Hearing on motion for class certification: | 5/20/2025 |

   **Defendant's Statement:**

In light of the pending motion to remand, and Defendant's intent to move to compel arbitration, dismiss class claims and stay the non-individual PAGA claims, it is premature and unnecessary to propose or schedule dates for class certification briefing at this time. However, if any dates are scheduled, Defendant should be provided at least 45 days to oppose any motion for class

certification, given the number of purported class representatives and class claims in the Action.

**(10) Related Cases:**

    **Plaintiffs' Statement:**

Plaintiffs have filed a representative action under the Labor Code Private Attorneys' General Act of 2004, Cal. Lab. Code § 2699, *et seq.* ("PAGA"), Case No. 23CV038710, pending in Alameda County Superior Court.

    **Defendant's Statement:**

To date, Defendant has not been served with the above-referenced duplicative PAGA complaint, but understands it has been filed by other plaintiffs represented by Plaintiffs' counsel.

**(11) Relief:**

    **Plaintiffs' Statement:**

At this time, it is premature to provide a calculation of damages in this putative class action because Plaintiffs seek to conduct discovery on this issue. Defendant is in exclusive possession of information that will be used to calculate class damages, including the class members' dates of employment, the number of workweeks worked, the putative class members' rates of pay, putative class members' work schedules, timecard records, wage statements, payroll records, and expense reimbursement records.

    **Defendant's Statement:**

Defendant denies that Plaintiffs or any putative class members or alleged aggrieved employees are entitled to relief. Defendant is not in "exclusive possession of information" as to alleged class damages, and Defendant disputes that Plaintiffs' highly individualized claims and theories of alleged damages can be determined based on records maintained by Defendant.

**(12) Settlement and ADR:**

**Plaintiffs' Statement:**

The parties have not yet engaged in preliminary efforts to settle this case. Plaintiffs believe the most productive alternative dispute resolution would be a private mediation. Beforehand, it will be necessary for Plaintiffs to obtain the discovery discussed above in order to negotiate a resolution to this Action. Alternatively, Plaintiffs are amenable to informal discovery prior to private mediation.

**Defendant's Statement:**

Although Defendant is not opposed to private mediation at the appropriate time, it is premature at this stage to set a deadline for mediation or to determine the scope of any mediation for the reasons discussed in this Statement.

**(13) Other References:**

**Plaintiffs' Statement:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**Defendant's Statement:**

As stated above, Defendant maintains Plaintiffs' individual claims must be compelled to binding arbitration pursuant to their arbitration agreements that waive their ability to bring class claims.

**(14) Narrowing of Issues:**

**Plaintiffs' Statement:**

Plaintiffs believe that private mediation may be productive to determine whether issues may be narrowed, and whether a global resolution may be possible.

**Defendant's Statement:**

**(15)** At this early stage, Defendant does not anticipate any issues that can be narrowed by agreement, unless Plaintiffs stipulate to arbitration, dismissal of class claims, and a stay of non-individual PAGA claims.

(16) **Expedited Trial Procedure:**

    **Plaintiffs' Statement:**

    The Parties have not agreed to the Expedited Trial Procedure of General Order No. 64 Attachment A.

    **Defendant's Statement:**

    This case is not eligible for the Expedited Trial Procedure.

(17) **Scheduling:**

    **Plaintiffs' Statement:**

    Plaintiffs propose the following deadlines, assuming the Court denies Plaintiffs' remand motion and Defendant's motion to compel arbitration on or before September 15, 2023:

| | |
|---|---|
| Non-expert discovery cutoff: | 8/1/2025 |
| Trial expert disclosures/reports due: | 8/11/2025 |
| Rebuttal trial expert disclosures/reports due: | 9/8/2025 |
| Expert discovery cutoff: | 9/19/2025 |
| Last day for hearing on motions, incl. summary judgment: | 9/23/2025 |
| Final pre-trial conference and hearing on pre-trial motions: | 11/6/2025 |
| Trial date: | 11/20/2025 |

    **Defendant's Statement:**

    In light of Plaintiffs' pending motion to remand, and Defendant's intent to move to compel arbitration, dismiss class claims and stay the non-individual PAGA claims, it is premature and unnecessary to propose or schedule dates for the designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, or trial at this time.

(18) **Trial:**

    **Plaintiffs' Statement:**

    Plaintiffs request a jury trial. Plaintiffs believe it is premature to estimate the length of trial because it is unclear which claims will be disposed of and which

claims will be subject to class certification.

However, if this case is certified as a class action, Plaintiffs anticipate that trial will last approximately 3 weeks. If the class is not certified, Plaintiff anticipates that trial will last 3-4 days. Because this is a class action, the Parties intend to call several witnesses, including, but not limited to, Plaintiff, other putative class members, Defendant's Rule 30(b)(6) designees, percipient witnesses, and expert witnesses. The number of witnesses the Parties will call to testify will depend on the size of the class and a determination of the appropriate representative number of putative class witnesses that will testify.

**Defendant's Statement:**

It is premature and unnecessary at this time to estimate length of trial, as discussed above. Further, no trial length can be fairly estimated before any decisions by the Court as to class certification, summary judgment or other dispositive motions, or a trial plan if any claims are certified. In addition, Plaintiffs' UCL and PAGA claims, if they proceed to trial, must be a bench trial as there is no right to a jury trial.

**(18) Disclosure of Non-party Interested Entities or Persons:**

**Plaintiffs' Statement:**

Plaintiffs have filed a "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. *See* Docket # 8. Accordingly, Plaintiffs did not identify any conflict of interest (other than the named parties) to report.

**Defendant's Statement:**

Defendant filed its Certification of Interested Entities or Persons and Corporate Disclosure Statement on May 10, 2023. *See* Docket Nos. 2-3. Defendant similarly did not identify any conflict of interest (other than the named parties).

**(19) Professional Conduct:**

The Parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

|     |     |     |
| --- | --- | --- |
| 1   |     | Respectfully submitted, |
| 2   | Dated: August 14, 2023 | **WILSHIRE LAW FIRM** |
| 3   |     |     |
| 4   |     | By: /s/ *Jeffrey C. Bils* |
|     |     |    John G. Yslas |
| 5   |     |    Jeffrey C. Bils |
|     |     |    Aram Boyadjian |
| 6   |     |    Andrew Sandoval |
| 7   |     | Attorneys for Plaintiffs |
| 8   | Dated: August 14, 2023 | MORGAN LEWIS & BOCKIUS LLP |


---

1  
2  Dated: August 14, 2023               **WILSHIRE LAW FIRM**
3  
4                                         By: /s/ *Jeffrey C. Bils*
5                                             John G. Yslas
                                              Jeffrey C. Bils
6                                             Aram Boyadjian
                                              Andrew Sandoval
7                                         Attorneys for Plaintiffs

8  Dated: August 14, 2023               MORGAN LEWIS & BOCKIUS LLP
9
10                                        By: /s/ *Tuyet T. Nguyen Lu*
11                                            John S. Battenfeld
                                              Tuyet T. Nguyen Lu
12                                            J.P. Schreiber
13                                        Attorneys for Defendant