John G. Yslas (SBN 187324)
jyslas@wilshirelawfirm.com
Jeffrey C. Bils (SBN 301629)
jbils@wilshirelawfirm.com
Aram Boyadjian (SBN 334009)
aboyadjian@wilshirelawfirm.com
Andrew Sandoval (SBN 346996)
Andrew.sandoval@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH BAER, JOSHUA BAYANGOS, RONALD GRUEL, ISAIAH HAMPTON, NATHAN JOHNSON, CHANDRASEKAR KUPPUCHAMY, DEREK LEWIS, DESERIE MARTIN, JOSEPH MARTINEZ, MAYRENI MORALES, SHONTAE STEPHENS, SIENNA STEPHENS, RUDY VALDEZ, JATEL VERCHER, and KAYLA WILLIAMS, individually, and on behalf of all others similarly situated, and on behalf of the State of California and other aggrieved persons,<br><br>*Plaintiffs*,<br><br>v.<br><br>TESLA MOTORS, INC., a California corporation, and DOES 1 through 10, inclusive,<br><br>*Defendants*. | Case No. 23-cv-02274-YGR<br><br>[*Assigned to the Hon. Yvonne Gonzalez Rogers*]<br><br>**PLAINTIFFS' OBJECTION TO EVIDENCE ON REPLY**<br><br>Date: December 12, 2023<br>Time: 2:00 p.m.<br>Courtroom: 1 |

Plaintiffs object to the following evidence presented by Defendant Tesla Motors, Inc. in connection with its Reply in Support of its Motion to Compel Plaintiffs to Arbitration, Dismiss Class Claims, and Dismiss or Stay Non-Individual PAGA Claims ("Reply") [Dkt. 43] set for hearing on December 12, 2023 before this Court:

**OBJECTIONS TO SUPPLEMENTAL RJN**

**1)** Supplemental Request for Judicial Notice in Support of Defendant Tesla, Inc.'s Motion to Compel Plaintiffs to Arbitration, Dismiss Class Claims, and Dismiss or Stay Non-Individual Claims ("Supplemental RJN") [Dkt. 43-2], Ex. 19 (Order Granting Tesla's motion to Compel Arbitration *Mederos v. Tesla, Inc.*, Sept. 6, 2022, San Francisco County Superior Court, Case No. 22STCV15424).

**2)** Supplemental RJN, Ex. 20 (Order Granting Defendant's Motion to Compel Arbitration and Motion to Dismiss or, in the Alternative, Motion to Stay, *Moscato v. Best Buy Stores, L.P.*, Nov. 21, 2023, San Francisco County Superior Court, Case No. CGC-23-607259).

Plaintiffs object to this evidence (items 1 and 2 enumerated above) on the ground that it is untimely and improperly offered for the first time on reply. *See In re Capacitors Antitrust Litig.*, No. 14-CV-03264-JD, 2017 WL 897340, at *2 (N.D. Cal. Mar. 7, 2017) ("the Court will not permit this kind of sandbagging"); *California Sportfishing Prot. All. v. Pac. States Indus., Inc.*, No. 15-CV-01482-JD, 2015 WL 5569073, at *2 (N.D. Cal. Sept. 22, 2015) ("Raising new arguments in a reply brief is classic sandbagging, and the Court will not tolerate it."). Defendant knew that the Non-Disclosure and Inventions Assignment Agreement ("NDIAA") would be an issue in adjudicating its Motion. [*See* Declaration of Jeffrey C. Bils in Opposition to Defendant's Motion to Compel Plaintiffs to Arbitration, Dismiss Class Claims, and Dismiss or Stay Non-Individual PAGA Claims ("Bils Decl."), ¶ 2, Ex. 1 [Dkt. 42-5].] Rather than proffering this opinion and making these arguments with its moving papers, Defendant waited until its reply to proffer this opinion and make these arguments for the first time. "[T]he district court may decline to consider new evidence or arguments raised in reply, and generally should not consider the new evidence without giving the non-movant an opportunity to respond." *Stiner*

1  *v. Brookdale Senior Living, Inc.*, No. 17-CV-03962-HSG, 2023 WL 2722294, at *14 (N.D. Cal. Mar. 30, 2023) (internal quotation marks omitted).

### OBJECTIONS TO SUPPLEMENTAL FLESCH DECLARATION

**3)**  Supplemental Declaration of Ben Flesch in Support of Defendant Tesla, Inc.'s Motion to Compel Plaintiffs to Arbitration, Dismiss Class Claims, and Dismiss or Stay Non-Individual PAGA Claims ("Suppl. Flesch Decl.") [Dkt. 43-1], ¶ 4 at 17-19 ("A description of the process that Plaintiff Valdez followed to apply to Tesla using the Avature system, including the security measures in place, are described in my September 20, 2023 declaration at Paragraphs 11-18.").

**4)**  Suppl. Flesch Decl., ¶ 5 at 20-21 ("I can see from the system that on April 13, 2022, Plaintiff Valdez electronically signed the offer letter, which contained the agreement to arbitrate.").

**5)**  Suppl. Flesch Decl., ¶ 5 at 23-24 ("A true and correct copy of the offer letter and arbitration agreement that Plaintiff Valdez electronically signed is attached to my September 20, 2023 declaration as Exhibit J.").

**6)**  Suppl. Flesch Decl., ¶ 6 at 25-26 ("Under the Aventure system, after Plaintiff Valdez electronically signed the offer letter and arbitration agreement through his secure account….").

**7)**  Suppl. Flesch Decl., ¶ 6 at 1-3 ("A true and correct copy of the email confirming Plaintiff Valdez's electronic signing and acceptance of the offer letter and arbitration agreement on April 13, 2022 is attached hereto as Exhibit Q.").

**8)**  Suppl. Flesch Decl., Exhibit Q in its entirety.

**9)**  Suppl. Flesch Decl., ¶ 7 at 4-5 ("Additionally, once Plaintiff Valdez electronically signed the offer letter and arbitration agreement, AdobeSign generated a final audit report.").

**10)**  Suppl. Flesch Decl., ¶ 7 at 5-9 ("I have access to and have reviewed the audit report, which further confirms that (1) on April 13, 2022, the offer letter and arbitration agreement were created; (2) on April 13, 2022, Plaintiff Valdez filled in and electronically signed the offer

1  letter and arbitration agreement using his/her personal email address rudy.ray.valdez@gmail.com;
2  and (3) on April 13, 2022, the agreement was completed.").

3      **11)**   Suppl. Flesch Decl., ¶ 7 at 9-10 ("A true and correct copy of the AdobeSign audit
4  report is attached as Exhibit R.").

5      **12)**   Suppl. Flesch Decl., Exhibit R in its entirety.

Plaintiffs object to this evidence (items 3 through 12 enumerated above) on the ground that it is untimely and improperly offered for the first time on reply.  *See In re Capacitors Antitrust Litigation, supra*, 2017 WL 897340, at *2.  Defendant knew that the authenticity of Plaintiff Valdez's signature would be an issue in adjudicating its Motion.  Rather than proffering this evidence with its moving papers, Defendant waited until its reply to proffer this evidence for the first time.  "[T]he district court may decline to consider new evidence or arguments raised in reply, and generally should not consider the new evidence without giving the non-movant an opportunity to respond." *Stiner, supra*, 2023 WL 2722294, at *14.  Further, the declarant does not establish how he, as a Manager of Recruiting Programs, personally knows whether Plaintiff Valdez followed the process described in the declarant's September 20, 2023 declaration. Fed. R. Evid. 602. The proffered evidence lacks foundation and is speculative.  Fed. R. Evid. 901.  Hearsay. Fed. R. Evid. 801.

**13)**   Suppl. Flesch Decl., ¶ 8 at 13-15 ("A description of the process that Plaintiff Williams followed to apply to Tesla using the Inside Tesla system, including the security measures in place, are described in my September 20, 2023 declaration at Paragraphs 28-32.").

**14)**   Suppl. Flesch Decl., ¶ 9 at 16-17 ("I can see from the system that on June 6, 2022, Plaintiff Williams electronically signed the offer letter, which contained the agreement to arbitrate.").

**15)**   Suppl. Flesch Decl., ¶ 9 at 19-20 ("A true and correct copy of the offer letter and arbitration agreement that Plaintiff Williams signed is attached to my September 20, 2023 declaration as Exhibit K.").

**16)**   Suppl. Flesch Decl., ¶ 10 at 21-23 ("Once Plaintiff Williams electronically signed

1    the offer letter and arbitration agreement through his/her secure account....").

2    **17)**    Suppl. Flesch Decl., ¶ 10 at 23-25 ("A true and correct copy of the email received by Ms. Yates on June 6, 2022 confirming Plaintiff Williams' electronic signing and acceptance of the offer letter and arbitration agreement is attached hereto as Exhibit S.").

**18)**    Suppl. Flesch Decl., Exhibit S in its entirety.

**19)**    Suppl. Flesch Decl., ¶ 11 at 26-27 ("[O]nce Plaintiff Williams electronically signed the offer letter and arbitration agreement, AdobeSign generated a final audit report.").

**20)**    Suppl. Flesch Decl., ¶ 11 at 27-4 ("I have access to and have reviewed the audit report, which further confirms that (1) on June 6, 2022, the offer letter and arbitration agreement were created; (2) on June 6, 2022, Plaintiff Williams electronically signed the offer letter and arbitration agreement using his/her personal email address yumisamip@icloud.com; and (3) on June 6, 2022, the agreement was completed.").

**21)**    Suppl. Flesch Decl., ¶ 11 at 4-5 ("A true and correct copy of the AdobeSign audit report is attached as Exhibit T.").

**22)**    Suppl. Flesch Decl., Exhibit T in its entirety.

Plaintiffs object to this evidence (items 13 through 22 enumerated above) on the ground that it is untimely and improperly offered for the first time on reply. *See In re Capacitors Antitrust Litigation, supra*, 2017 WL 897340, at *2. Defendant knew that the authenticity of Plaintiff Williams' signature would be an issue in adjudicating its Motion. Rather than proffering this evidence with its moving papers, Defendant waited until its reply to proffer this evidence for the first time. "[T]he district court may decline to consider new evidence or arguments raised in reply, and generally should not consider the new evidence without giving the non-movant an opportunity to respond." *Stiner, supra*, 2023 WL 2722294, at *14. Further, the declarant does not establish how he, as a Manager of Recruiting Programs, personally knows whether Plaintiff Williams followed the process described in the declarant's September 20, 2023 declaration. Fed. R. Evid. 602. The proffered evidence lacks foundation and is speculative. Fed. R. Evid. 901. Hearsay. Fed. R. Evid. 801.

| | |
|---|---|
| | Respectfully submitted, |
| Dated: November 28, 2023 | **WILSHIRE LAW FIRM** |
| | By: /s/ Jeffrey C. Bils |
| | John G. Yslas |
| | Jeffrey C. Bils |
| | Aram Boyadjian |
| | Andrew Sandoval |
| | Attorneys for Plaintiffs |